Opinion
 

 HUFFMAN, J.
 

 Michele Cox appeals from a summary judgment and judgment of dismissal granted in favor of the municipal court, North County Judicial District (District), on her first amended complaint for damages arising from her alleged wrongful termination from employment with District as a deputy clerk.
 
 [1]
 
 Although her amended complaint alleged four causes of action, her appellate reply brief clarifies her appeal is only directed to the third cause of action for wrongful discharge.
 

 The crux of her appeal is the trial court erroneously ruled as a matter of law District had the authority to extend her period of probation, so that her termination took place while she was still a probationary employee, thereby foreclosing her from her right to appeal her dismissal to the San Diego County Civil Service Commission (the Commission). District requests sanctions be awarded against Cox for a frivolous appeal and for failure to comply with court rules. We affirm and deny the request for sanctions.
 

 Factual and Procedural Summary
 
 [2]
 

 Cox was originally hired by District as a provisional deputy clerk I on July 2, 1984. Thereafter she took the examination for a permanent deputy clerk I
 
 *132
 
 and was hired in that position on September 28, 1984. As a permanent employee, she was required to complete a six-month probationary period.
 

 On March 27, 1985, the day before her probation would normally have expired, Cox received an unfavorable performance evaluation. Her supervisors recommended either she be terminated as an employee or her probation be extended. The acting court administrator for District, Patricia Johns, therefore offered Cox an extension of her probation, to which Cox agreed.
 

 On June 5, 1985, Cox again received an unsatisfactory performance evaluation. This time she was also given written notice of and reasons for termination of her employment effective June 13, 1985.
 

 Cox’s claim for wrongful termination filed with County was rejected by letter November 7, 1985. She subsequently filed a complaint against County on April 21, 1986. Upon the County’s filing of a demurrer to the complaint on June 5, 1986, Cox discovered District was the necessary and proper entity against which her complaint should be directed. Cox thus filed an application for leave to file a late claim against District and amended her complaint July 15, 1986, to include causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful discharge and intentional infliction of emotional distress against both County and District.
 

 County and District filed their answer to the first amended complaint in August 1986, alleging eight affirmative defenses.
 

 The matter was referred to judicial arbitration. After an arbitrator denied her claim August 22, 1989, Cox requested a trial de novo. County and District filed for summary judgment December 18, 1989.
 
 [3]
 
 Cox opposed the summary judgment motion as to District only and also filed her own motion for summary adjudication of facts on January 4, 1990. County and District filed opposition to Cox’s motion and specifically filed objections to the admissibility of evidence contained in the declaration of a purported expert submitted by Cox in support of her motion. Both motions were scheduled to be heard on February 2, 1990.
 

 At that time, the trial court granted the summary judgment motion brought by County and District. A formal order granting judgment for County and District was entered April 11, 1990, and notice of its entry was mailed to
 
 *133
 
 Cox on May 31, 1990. Cox timely filed her notice of appeal on July 27, 1990.
 

 Discussion
 

 I
 

 Grant of Summary Judgment
 

 In urging that the trial court erred in granting District’s summary judgment motion, and subsequently in dismissing her amended complaint, Cox specifically argues the testimony of her expert, Sol Allen, cannot be restricted by local rules of court; his opinion on the policies of the Commission can properly be based on “proper types of hearsay”; his testimony established without a doubt she was a permanent employee who had completed her probationary period before she was terminated; the undisputed facts show District is liable for her wrongful discharge in violation of public policy (her amended complaint alleges she was discharged for “absences from work which were due to the time [she, the victim of a rape,] spent testifying and preparing for testifying with Oceanside Police Department and the District Attorney’s office and for absences due to the mental trauma caused by having to repeatedly go over the details of a brutal rape . . .”); and District is estopped from asserting her remedy is through the Commission.
 

 At the outset we note, as has District, Cox’s contentions concerning her purported expert’s declaration would best be addressed in a mandamus proceeding to review the court’s implied denial of her motion for summary adjudication of facts. (See
 
 Camarena
 
 v.
 
 Sequoia Ins. Co.
 
 (1987) 190 Cal.App.3d 1089, 1100 [235 Cal.Rptr. 820].) Although the transcript of the hearing of the motions and the final order of judgment on the motions does not reflect the trial judge denied Cox’s motion for summary adjudication of facts, such can be inferred because the matter became moot once the judge granted District’s motion.
 

 Moreover, the record reflects the court did not make a specific ruling on District’s objections to Cox’s purported expert’s declaration. In the absence of an affirmative showing otherwise, we presume the trial judge properly reviewed all documents presented and made correct determinations regarding them.
 
 (Denham
 
 v.
 
 Superior Court
 
 (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)
 

 As noted earlier, the subject of this appeal was narrowed by Cox’s reply brief to challenge only the trial court’s grant of summary judgment on Cox’s wrongful termination cause of action. Familar rules of law for the grant of
 
 *134
 
 summary judgment provide such motion “shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” (Code Civ. Proc., § 437c, subd. (c).) The purpose of such a motion is to “penetrate through evasive language and adept pleading and ascertain the existence or absence of triable issues. [Citations.]”
 
 (Chern
 
 v.
 
 Bank of America
 
 (1976) 15 Cal.3d 866, 873 [127 Cal.Rptr. 110, 544 P.2d 1310].)
 

 When a defendant, as here, is the moving party for summary judgment, his or her declarations and evidence must establish a complete defense to the plaintiff’s action or show the absence of an essential element of the plaintiff’s case. If the plaintiff fails to counter with opposing declarations showing there is a triable issue of fact with respect to that defense or an essential element of the case, the summary judgment must be granted.
 
 (Dolquist
 
 v.
 
 City of Bellflower
 
 (1987) 196 Cal.App.3d 261, 266 [241 Cal.Rptr. 706].) The defendant is “entitled to summary judgment if the record establishes as a matter of law that none of the plaintiff’s asserted causes of action can prevail.”
 
 (Molko
 
 v.
 
 Holy Spirit Assn.
 
 (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].)
 

 In making this determination, we strictly construe the affidavits of the moving party, liberally construe those of the adverse party, and resolve any doubt concerning the propriety of granting the motion in favor of the party opposing the motion.
 
 (Isaacs
 
 v.
 
 Huntington Memorial Hospital
 
 (1985) 38 Cal.3d 112, 134-135 [211 Cal.Rptr. 356, 695 P.2d 653].) Although all intendments are in favor of the opposing party, a judgment of dismissal following an order granting summary judgment will not be reversed absent an abuse of the trial court’s discretion.
 
 (Rubio
 
 v.
 
 Swiridoff
 
 (1985) 165 Cal.App.3d 400, 403 [211 Cal.Rptr. 338].)
 

 Moreover, where the material facts are undisputed and the decision of the trial court turns on statutory interpretation, such interpretation is a matter of law subject to this court’s de novo review.
 
 (Rudd
 
 v.
 
 California Casualty Gen. Ins. Co.
 
 (1990) 219 Cal.App.3d 948, 951 [268 Cal.Rptr. 624].)
 

 Applying these summary judgment principles to this case, we find little disagreement between the parties as to the operative facts. District’s statement of undisputed facts, “Fact No. Three,” filed in support of its motion, stated: “On March 27, 1989 [sic], Michele Cox signed an agreement consenting to an extension of her probationary period to June 28, 1985.” This fact was based on the declaration of Karen Derwin, Cox’s then-immediate supervisor for her performance reports and termination, and the employee
 
 *135
 
 performance report showing Cox’s signature agreeing to the extension. Cox did not dispute this fact, nor did she dispute any of District’s other facts.
 

 Rather she countered, “[t]here was no basis in the Civil service rules for [District’s] attempt to extend [her] Probationary Period.” She based this assertion on her purported expert Sol Allen’s declaration “an extension violates the Civil Service Rules . . .” and the deposition answer of District’s acting court administrator Johns, that she didn’t know of any code sections governing the District, or any civil service rules, that provide for extensions of probationary periods. From these Cox argued that although she agreed to the continuation or extension of her probationary period, such agreement was null and void as District, through its agent Johns, did not have the authority to make the agreement. Thus, what the parties do contest is whether District, as a matter of law, had the power to extend Cox’s probationary period. Because the resolution of this question turns on interpretation of the controlling statutes, county charter and civil service rules, it is purely an issue of law which we determine independently.
 
 (Sigala
 
 v.
 
 Goldfarb
 
 (1990) 222 Cal.App.3d 1450, 1454 [266 Cal.Rptr. 96].)
 

 District is a public entity created by Government Code
 
 [4]
 
 sections 71040 and 73950 et seq. under the authority of the California Constitution, article VI, section 5. District is authorized under sections 73950 et seq. to employ support personnel for its smooth operation. Section 73957, subdivision (b) provides, in part:
 

 “All attaches, other than the court administrator, the assistant court administrator, commissioners, court reporters, judicial secretaries, and other persons serving at the pleasure of their appointing authorities, may be appointed, promoted, removed, suspended, laid off, or discharged for cause by the appointing authority subject to such appointment, promotion, removal, suspension, layoff, or discharge to civil service provisions applicable to the classified personnel of the County of San Diego.”
 

 The San Diego County Charter (Charter) in article IX, section 900 et seq. provides for the establishment of a personnel system to ensure the development of a county career service through recruitment, selection, promotion and retention of employees on the basis of merit. In section 902 of that article, the Charter authorizes a personnel director appointed by the County’s chief administrative officer to oversee the personnel system in accordance with the Charter and rules for the classified service. Section 903 establishes the Commission, appointed by the County board of supervisors (Board), that is responsible for protecting the merit system, reviewing civil service rules,
 
 *136
 
 acting as the administrative appeals body for the County, establishing written procedures to govern its duties, and may advise the personnel director, the chief administrative officer and the Board on matters concerning policies and administration of the personnel system. (Charter, art. IX, §§ 904-904.5.) The Commission’s duties and authority are prescribed by the Charter. (See County Civil Service Rules for the Classified Service,
 
 [5]
 
 rule I, § 1.1.1.)
 

 Section 910 of the Charter provides for rules for civil service to be implemented by the personnel director, after review by the Commission and adoption by the Board. Section 73957, subdivision (a) authorizes District’s court administrator to exercise the same powers as the chief administrative officer or personnel director is authorized to use in personnel matters established by County.
 

 Section 73957, subdivision (b) further provides that whenever the District’s court administrator appoints a person to a position, that person “shall serve a probationary period of at least six months and not to exceed 18 months, as specified in the job announcement for the class prior to the appointment.”
 

 Section 910.1 of article IX of the Charter, however, states:
 

 “The Rules for the Classified Service
 
 shall include provisions for.
 

 “(g) probationary periods of six months for classified employees appointed to regular positions from eligible lists. Such
 
 probationary periods may be extended to no more than
 
 eighteen months for Deputy Sheriffs or no more than
 
 twelve months
 
 for all other classified employees,
 
 upon approval of the Personnel
 
 Director.” (Italics added.)
 

 The Charter also states that persons in the classified service who have “successfully completed the probationary period for that position, shall only be removed for cause and in accordance with the Civil Service Rules.” (Charter, art. IX, § 909.1.)
 

 These sections, read together, give the District’s court administrator and not the Commission, as Cox represents, the authority to hire employees, set their periods of probation, and extend those periods up to 12 months for
 
 *137
 
 non-Sheriff positions, or to remove an employee if the employee does not “satisfactorily” complete the probationary period.
 

 In the face of this specific authority which supplements the civil service provisions applicable to the classified personnel of County, Cox submitted the declaration of her purported expert opining extensions of probationary periods were impermissible. His opinion was based on his purported knowledge of County’s civil service rules obtained from 10 years as a field representative for the county employee’s union in personnel matters. Through his appearances before the Commission, he said he had learned its policy regarding extensions of probationary periods: that agreement to such an extension by an employee had no effect absent a written order of the Commission approving the extension; and that the Commission takes the position an agreed extension of probation without its preapproval violates civil service rules and was not likely voluntary.
 

 The declaration, however, is irrelevant to our plain reading of the statutes, the Charter and rules. Nevertheless, without any supporting authority in the rules stating that once a period of probation for a position is designated it cannot be changed or extended except by written order of the Commission, the purported expert’s opinion is merely conclusory. Rather, the plain words of the statutes, the Charter and the rules negate the conclusions of the declaration, as such clearly state it is the personnel director, not the Commission, who has the power to approve an extension. In this case, it is District’s acting court administrator who is authorized to exercise the powers of the personnel director. (§ 73957, subd. (a); Charter, art. IX, § 910.)
 

 Cox attempts to cure the defects in her purported expert’s declaration by arguing rule IV, section 4.2.5 shows the extension of her probationary period was illegal. She asserts the statement in that rule, as well as in section 73957, subdivision (b), the probationary period specified “prior to the appointment,” shows the rules do not permit any extensions of the probationary period after it is set for the job announced. Rule IV, section 4.2.5, however, is silent as to whether extensions of probationary periods are permissible and as to any procedures for such extensions.
 
 [6]
 

 
 *138
 
 Cox has not shown there is a specific rule, Charter section or statute which limits District’s authority to extend an employee’s probationary period for up to one year (or up to eighteen months for Sheriff’s employees). Absent such authority, we will not assume there is one.
 

 We interpret article IX, section 910.1 of the Charter to provide authority to the personnel director, and therefore District’s court administrator, to extend previously established probation periods up to the limit provided by the Charter. We think the Charter provision is a reflection of sound public policy giving the employer leeway in resolving problems of poor performance by probationary employees. The interpretation urged by Cox would force the governmental entity to either terminate a marginal employee or risk creation of permanent civil service status with its attendant limitations on subsequent termination. Rather, we think the Charter recognizes some flexibility in the employment relationship is necessary and indeed would be encouraged so as to provide an opportunity for a marginal employee (as was done in this case) to demonstrate the problem is temporary and to potentially justify permanent employment. Otherwise such employees will likely be terminated without a second chance. The crabbed reading of the Charter urged by Cox is therefore unwarranted.
 

 We also do not accept Cox’s assertion
 
 Boren
 
 v.
 
 State Personnel Board
 
 (1951) 37 Cal .2d 634 [234 P.2d 981] precluded District from legally contracting with her to extend her probationary period. Although
 
 Boren
 
 did
 
 *139
 
 alternatively hold that in a situation where a personnel board was without authority to make a contract limiting some aspect of an employee’s public employment, the lack of authority of the public officer could not be expanded by estoppel
 
 (id.
 
 at p. 643), such a situation does not apply here where District has authority granted through statute and the County’s Charter to extend probationary periods up to 12 months for persons in Cox’s position. (§ 73957, subd. (a); Charter, art. IX, § 910.1, subd. (g).)
 

 Because District’s acting court administrator, the person authorized to exercise the powers of the personnel director to grant extensions of probation for classified employees working for District (§ 73957, subd. (a)), gave written approval for the extension of Cox’s probation for not more than a total period of 12 months, the extension of Cox’s probationary period was lawful. Therefore, Cox was a probationary employee at the time she was discharged and was not entitled to the same rights as a permanent employee, i.e., termination only with cause and the right to appeal to the Commission.
 

 Further, because Cox could be terminated without cause as a probationary employee, she cannot state a cause of action for wrongful discharge absent a showing of some liberty interest which would give her a right to seek a hearing before the Commission, or a showing of some “violation of public policy [which seeks] to protect the public, by protecting the employee who refuses to commit a crime [citations], who reports criminal activity to proper authorities [citations], or who discloses other illegal, unethical, or unsafe practices [citation].”
 
 (Foley
 
 v.
 
 Interactive Data Corp.
 
 (1988) 47 Cal.3d 654, 670 [254 Cal.Rptr. 211, 765 P.2d 373]; see also rule IV, § 4.2.5, subd. (c).) Thus, if Cox believed her discharge violated a liberty interest, even as a probationary employee, she would have the right to pursue a hearing before the Commission.
 

 Cox, however, admitted in her opposition to the summary judgment motion she was not seeking to protect a liberty interest in her lawsuit; she was only seeking to obtain backpay. Although her third cause of action attempted to state a claim for wrongful discharge based on the violation of “the strong public policy that all citizens should make themselves available as witnesses in criminal actions so that the truth may be ascertained, the guilty punished and the innocent protected” by alleging she was terminated because of her absences from work during an investigation and trial of a rape suspect, she did not allege District in any way prevented or discouraged her from cooperating with that investigation. Cox presented no evidence to counter the supporting evidence for the summary judgment that she had excessive absences from work after her probation period was extended March 27, 1985, which were not due to the criminal investigation and
 
 *140
 
 proceeding, and that her final evaluation showed on its face she was terminated for legitimate reasons—unsatisfactory performance while at work. Rather, the record indicated Cox attended the sentencing for the rape case on March 8,1985, and no other absences past that date were offered in evidence as attributable to the criminal matter.
 

 Moreover, Cox’s estoppel argument concerning the necessity to exhaust her administrative remedies before filing a lawsuit with the courts is untimely as it was not raised in the court below.
 
 (Hittle
 
 v.
 
 Santa Barbara County Employees Retirement Assn.
 
 (1985) 39 Cal.3d 374, 391, fn. 10 [216 Cal.Rptr. 733, 703 P.2d 73].)
 

 The above reasons, coupled with Cox’s concession the motion was proper as to the contract, bad faith, and emotional distress causes of action,
 
 [7]
 
 fully support the trial court’s grant of District’s summary judgment motion and subsequent dismissal of Cox’s case.
 

 II
 

 Sanctions on Appeal
 

 The question remains whether sanctions on appeal should be awarded. Concurrently with filing its brief, District requested sanctions be awarded on grounds Cox’s appeal is indisputably without merit and Cox failed to comply with rules of court governing appeals. District contends Cox’s opening brief violates California Rules of Court, rule 13 which requires an appellant to include in that brief a statement of the case setting forth “the nature of the action or proceeding and the relief sought, a summary of the material facts, and the judgment or ruling of the superior court.” Because Cox’s issues in her opening brief go to matters arguably related to her summary adjudication of facts motion and not pinpointed to the summary judgment motion, District asserts it was required to guess what causes of action Cox was actually referring to in her appeal and address all conceivable issues.
 

 
 *141
 
 In addition, District points out Cox’s issues concerning the court’s rulings on District’s objections to Cox’s purported expert’s declaration are irrelevant because the court did not make any rulings concerning that document. Nor did Cox raise the issue of estoppel below or argue prevailing law regarding a wrongful discharge cause of action. District also notes Cox designated she would file an appendix in lieu of the clerk’s transcript pursuant to California Rules of Court, rule 5.1, but then failed to include a notice of the appeal and conformed copies of all documents “to show the date of filing in the trial court, if the clerk’s date-stamp does not appear on them.” (Cal. Rules of Court, rule 5.1(c)(1).) District therefore asks we award it $5,000, in addition to costs, for this frivolous appeal and an appropriate amount to be paid to the clerk of the Court of Appeal for the unnecessary expenditure of limited court resources caused by Cox’s attorney’s failure to comply with court rules.
 

 Code of Civil Procedure section 907 provides, “When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just.” California Rules of Court, rule 26(a) also states in part: “Where the appeal is frivolous or taken solely for the purpose of delay ... the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require.” (6) In explaining these provisions, our Supreme Court has held “an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.”
 
 (In re Marriage of Flaherty
 
 (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)
 

 In determining whether an appeal indisputably has no merit, California cases have applied both subjective and objective standards. The subjective standard looks to the motives of the appealing party and his or her attorney, while the objective standard looks at the merits of the appeal from a reasonable person’s perspective. (See
 
 In re Marriage of Flaherty, supra,
 
 31 Cal.3d at pp. 649-650.) Whether the party or attorney acted in an honest belief there were grounds for appeal makes no difference if any reasonable person would agree the grounds for appeal were totally and completely devoid of merit.
 
 (Estate of Walters
 
 (1950) 99 Cal.App.2d 552, 558 [222 P.2d 100].)
 

 The objective and subjective standards “are often used together, with one providing evidence of the other. Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay. [Citations.]”
 
 (In re Marriage of Flaherty, supra,
 
 31 Cal.3d at pp. 649-650.)
 
 *142
 
 Sanctions, however, should be used sparingly to deter only the most egregious conduct.
 
 (Id.
 
 at p. 651.)
 

 After closely examining the record, we have seriously considered imposing sanctions because of the violations of court rules and inartful presentation of arguments. For the most part, the arguments offered by Cox have not been supported by a careful reading of the statutes and case law concerning public employees or wrongful discharge.
 

 Nevertheless, because we cannot say that any reasonable attorney familiar with this case would not have pursued some type of appeal for Cox, and it has not been shown the appeal was taken for an improper purpose or solely for delay, we deny District’s request for sanctions.
 

 Disposition
 

 The judgment is affirmed. The request for sanctions on appeal is denied. Costs are awarded to District.
 

 Wiener, Acting P. J., and Todd, J., concurred.
 

 [1]
 

 Cox’s claim against the County of San Diego (County) was abandoned at the time of the summary judgment motion and she does not appeal from the judgment entered in its favor.
 

 [2]
 

 At the time of filing her appeal, Cox elected, pursuant to California Rules of Court, rule 5.1, to prepare an appellant’s appendix in lieu of using a clerk’s transcript. District has also filed a respondent’s appendix. The facts and procedures are taken from both appendices.
 

 [3]
 

 It appears from the record submitted in this case County and District originally filed for summary judgment while the arbitration was still pending. The matter was taken off calendar and resubmitted after Cox decided to go forward with her case in court.
 

 [4]
 

 All statutory references are to the Government Code unless otherwise specified.
 

 [5]
 

 All further references to rules are to the County of San Diego’s Civil Service Rules for the Classified Service.
 

 [6]
 

 Section 4.2.5 of the rules states: “(a) All appointments from employment lists to permanent positions shall be for a probationary period of six months or such longer period as established by the Director prior to the appointment. Probationary periods shall not exceed . . . 18 months. The probationary period shall not include the time served as an emergency, provisional, seasonal, or temporary appointee or employee, but shall date from the time of appointment and certification to a permanent position in the classified service; provided, however, that continuous active service under temporary appointment from an employment list in the class of position to which the employee is certified as permanent, which service shall have been rendered within one year prior to permanent appointment, may be counted
 
 *138
 
 toward completion of the probationary period, upon request of the appointing authority and the approval of the Director.
 

 “(b) No period of absence, or limited duty assignment which is made necessary by a temporary physical or mental disability as determined by a doctor, shall be credited toward completion of the probationary period, provided, however, that at the written request of the appointing authority the Director may credit a maximum of 15 days of absence or limited duty during the probationary period.
 

 “(c) It shall be the duty of the appointing authority, during the probationary period of each employee in the classified service to investigate thoroughly the conduct of such employee, to determine whether the employee is fully qualified for employment in the class of position to which he/she has been appointed. A performance appraisal shall be made by the appointing authority at such time or times as may be prescribed by the Director. The appointing authority shall dismiss a probationer who is found unsatisfactory for or incompetent to fulfill the duties of the position to which he/she is appointed, except as provided in Rule 14.3.1 [that talks of permanent employees promoted to a different classification of job with a new probationary period which is inapplicable here]. The appointing authority shall give the dismissed employee a statement of the reasons for the dismissal and shall file such statement with the Director. A probationer dismissed at any time within the probationary period shall have no right to appeal to the Commission in regard to his/her separation or performance appraisal. A probationer who alleges facts showing a violation of his/her liberty interest shall be entitled to a hearing in accordance with the rules, procedures and policies implemented by the Commission and/or Director. Unless charges are filed against a probationer as provided in these rules, such probationer may be retained upon the employment list at the discretion of the Director and shall be eligible for certification to some other department.”
 

 [7]
 

 Cox correctly conceded these causes of action were not viable against District because it has been established public employees hold positions by statute and not by contract.
 
 (Miller
 
 v.
 
 State of California
 
 (1977) 18 Cal.3d 808, 813 [135 Cal.Rptr. 386, 557 P.2d 970].) Because this is so, a civil service employee cannot state a cause of action for breach of contract or for breach of the implied covenant of good faith and fair dealing.
 
 (Shoemaker
 
 v.
 
 Myers
 
 (1990) 52 Cal.3d 1, 23 [276 Cal.Rptr. 303, 801 P.2d 1054].) Nor may an employee base a tort cause of action for intentional infliction of emotional distress on termination from employment; in such case, the exclusive remedy for emotional distress damages is within the province of the workers’ compensation system.
 
 (Cole
 
 v.
 
 Fair Oaks Fire Protection Dist.
 
 (1987) 43 Cal.3d 148, 160 [233 Cal.Rptr. 308, 729 P.2d 743].)