[No. D054077. Fourth Dist., Div. One. Aug. 27, 2009.]

AIRLINES REPORTING CORPORATION, Plaintiff and Appellant, v. MARIO RENDA, Defendant and Respondent.

**COUNSEL**

Sampson & Associates, Bryan D. Sampson and Mary L. Fickel for Plaintiff and Appellant.

John J. Freni for Defendant and Respondent.

**OPINION**

**McINTYRE, J.**—In this case we hold that Code of Civil Procedure section 1710.40 is the proper means to challenge registration of a sister state judgment on jurisdictional grounds, its 30-day limitations period is inapplicable to challenges based on lack of fundamental jurisdiction, and the trial court did not err in ruling that the sister state default judgment against Mario Renda was void.

Airlines Reporting Corporation (Airlines Reporting) obtained a $2.5 million default judgment against Renda in Virginia and registered it in California pursuant to the Sister State Money-Judgments Act. (Code Civ. Proc., § 1710.10 et seq.; undesignated statutory references are to the Code of Civil Procedure.) Renda successfully challenged registration of the sister state judgment on grounds the Virginia state court lacked personal jurisdiction over him. Airlines Reporting appeals, arguing that the trial court erred in finding that (1) the 30-day limitations period imposed by section 1710.40, subdivision (b) was inapplicable to Renda's motion to vacate the Virginia judgment and (2) Renda did not waive his jurisdictional defense by filing a notice of appearance and responding to postjudgment discovery. Airlines Reporting does not challenge the trial court's finding that the Virginia default judgment against Renda was void for want of personal jurisdiction. We conclude that lack of fundamental jurisdiction is dispositive and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In reviewing and summarizing the facts of this case, we grant Renda's unopposed request for judicial notice of selected court records in *Airlines Reporting Corp. v. Uniglobe Fairway Travel, Inc.*, United States District Court, Eastern District of Virginia, civil action No. 1:04cv622 (*Uniglobe*), *Airlines Reporting Corp. v. Commercial Travel Corp.*, United States District Court, Eastern District of Virginia, civil action No. 1:04cv613, and *Airlines Reporting Corp. v. Commercial Travel Corp.*, United States District Court, Southern District of California, case No. 08mc88-IEG (collectively, *Commercial Travel*). (Evid. Code, § 459.) Most of these court records were already before the trial court.

Airlines Reporting is a federally controlled entity which serves as a national clearinghouse for the issuance of airline tickets for travel agents' customers. In July 2004, Airlines Reporting filed *Uniglobe* and *Commercial Travel*, separate actions for breach of its agent reporting agreement, breach of fiduciary duty, conversion, fraud, statutory conspiracy, common law conspiracy, and unjust enrichment in the United States District Court for the Eastern District of Virginia against corporate travel agencies and individual defendants, including Renda. A year later, Airlines Reporting filed *Airlines Reporting Corp. v. McCord Consumer Direct, Inc.* (*McCord*), the case now before us, in Virginia state court. The complaint alleged breach of the agent reporting agreement, breach of fiduciary duty, conversion, fraud, and statutory conspiracy and sought damages against Renda in the sum of $2,505,987.88. The gist of these complaints was that defendants used various unlawful means to defraud Airlines Reporting of its share of the proceeds of airline ticket sales.

## A. *Uniglobe*

When Airlines Reporting moved for entry of default judgment in *Uniglobe*, the federal court questioned the factual and legal basis for in personam jurisdiction over Renda. The federal magistrate's report concluded that the United States District Court, Eastern District of Virginia, lacked personal jurisdiction over Renda "based on [his] insufficient contacts with this forum." The federal court dismissed the *Uniglobe* action against Renda without prejudice on March 21, 2005.

## B. *Commercial Travel*

*Commercial Travel* followed a different tack. Airlines Reporting moved for entry of default judgment against Renda in September 2004, but the federal court delayed entry of that judgment until September 2007. There is no mention of the *Uniglobe* ruling in the *Commercial Travel* record before us.

In February 2008, Airlines Reporting registered the *Commercial Travel* default judgment against Renda in the United States District Court, Southern District of California, and moved for assignment of Renda's interests in two actions in the San Diego County Superior Court. Renda responded by filing a motion to vacate the underlying default judgment. Based on the United States District Court decision in *Uniglobe*, the court found that the Eastern District of Virginia lacked personal jurisdiction over Renda at the time the district court entered default judgment in *Commercial Travel*. Since that judgment was void, the court granted Renda's motion to vacate on August 1, 2008.

## C. *McCord*

McCord, also known as "A Better Airfare," was licensed to sell and issue airline tickets in Virginia through Airlines Reporting. McCord is a Delaware corporation with its principal place of business in Virginia. In June 2005, Airlines Reporting filed a complaint against McCord and others, including Renda, in the circuit court for Arlington County, Virginia. The complaint alleged that Renda operated A Better Airfare as an officer and part owner of that company, and was involved in preparing weekly sales reports to Airlines Reporting, allegations Renda denied in subsequent California proceedings. The allegations against Renda were nearly identical to the allegations against Renda in *Uniglobe* and *Commercial Travel*. The Virginia state court entered default judgment against Renda in September 2005 without questioning personal jurisdiction.

In May 2006, Airlines Reporting registered the Virginia judgment in California and served notice on Renda. The notice informed Renda that he

had 30 days within which to file a motion to vacate the judgment or "this judgment will be final." Shortly thereafter, Airlines Reporting served judgment debtor Renda with its demand for production of documents. Renda filed a notice of appearance on October 16, 2006. He also provided a written response to Airlines Reporting's request for production of documents.

Two years later, on May 2, 2008, Renda moved to vacate entry of the default judgment against him in *McCord* pursuant to sections 1710.40, subdivision (a) and 473, subdivision (d). Citing the federal court findings in *Uniglobe* and principles of collateral estoppel, he argued that the Virginia judgment was void because "the Circuit Court for Arlington County, Virginia, and all other state and federal courts in the State of Virginia, lacked personal jurisdiction" over him. The court continued its hearing on the motion to allow Renda to demonstrate that the facts and circumstances alleged in *Uniglobe* were the same as the facts and circumstances alleged in *McCord*, the judgment Renda sought to vacate.

At the close of the June 26, 2008, hearing, the trial court granted Renda's motion to vacate the Virginia default judgment. In its October 28, 2008, order, the court expressly found that (1) the 30-day limitations period set forth in section 1710.40 was inapplicable; (2) Renda did not waive personal jurisdiction by making an appearance and responding to postjudgment discovery; and (3) pursuant to section 473, the sister state judgment was void for want of personal jurisdiction.

## DISCUSSION

### I. *The Default Judgment Is Void*

Section 1710.40, subdivision (b) provides: "Not later than 30 days after service of notice of entry of judgment pursuant to Section 1710.30, . . . the judgment debtor, on written notice to the judgment creditor, may make a motion to vacate the judgment under this section." Airlines Reporting contends that the trial court erred in ruling that the 30-day limitations period was inapplicable to Renda's motion to vacate registration of the Virginia default judgment in California. We conclude there was no error.

Under the full faith and credit clause (U.S. Const., art. IV, § 1), "a judgment entered by one state must be recognized by another state if the state of rendition had jurisdiction over the parties and the subject matter and all interested parties were given reasonable notice and opportunity to be heard." (*World Wide Imports, Inc. v Bartel* (1983) 145 Cal.App.3d 1006, 1010 [193 Cal.Rptr. 830], citing *Durfee v. Duke* (1963) 375 U.S. 106, 116 [11 L.Ed.2d 186, 84 S.Ct. 242].) Courts refer to jurisdiction over the parties and subject

matter as "fundamental jurisdiction," and where this is lacking there is an entire absence of power to hear or determine the case. (*Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 538 [66 Cal.Rptr.3d 175] (*Thompson Pacific*).) "Judgments or orders by a court that lacks jurisdiction in this fundamental sense are void. [Citation.] Objection may be raised at any time since the parties cannot confer jurisdiction by consent; a judgment rendered in the absence of fundamental jurisdiction is simply a nullity." (*Ibid.*) It is of no consequence that the judgment debtor " 'slept on [his] rights' " because he " 'is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.' " (*Yu v. Signet Bank/Virginia* (1999) 69 Cal.App.4th 1377, 1385–1386 [82 Cal.Rptr.2d 304] (*Yu*), quoting *Insurance Corp. v. Compagnie Des Bauxites* (1982) 456 U.S. 694, 706 [72 L.Ed.2d 492, 102 S.Ct. 2099].)

■   Section 1710.40, subdivision (a) permits a judgment debtor to challenge entry of a sister state judgment "on any ground which would be a defense to an action in this state on the sister state judgment," including a second type of jurisdictional defect—a "judgment was rendered in excess of jurisdiction . . . ." (Cal. Law Revision Com. com., 20 West's Ann. Code Civ. Proc. (2007 ed.) foll. § 1710.40, p. 385.) "An excess of jurisdiction is typically described as the case ' "where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." ' [Citation.]" (*Thompson Pacific, supra*, 155 Cal.App.4th at p. 537.) In contrast with judgments lacking fundamental jurisdiction, judgments or orders in excess of jurisdiction are valid unless attacked. (*Ibid.*)

■   Here, the trial court properly distinguished between the two types of jurisdiction. Because Renda challenged the Virginia default judgment on grounds Airlines Reporting lacked fundamental, personal jurisdiction over him, he was not subject to the 30-day statute of limitations set forth in section 1710.40, subdivision (b) applicable to judgments in excess of jurisdiction. Because a defendant may challenge lack of fundamental jurisdiction at any time (*Yu, supra*, 69 Cal.App.4th at pp. 1385–1386), the 30-day limitations period applicable to other types of challenges to sister state judgments under section 1710.40, including actions in excess of jurisdiction, does not apply to challenges based on lack of personal jurisdiction. Section 1710.40, which is part of the Sister State Money-Judgments Act, provides the preferred method of challenging a void sister state judgment.

Language in *Liquidator of Integrity Ins. Co. v. Hendrix* (1997) 54 Cal.App.4th 971 [63 Cal.Rptr.2d 240] (*Liquidator*) raises a question whether

section 473, subdivision (d) offers a viable procedural alternative to section 1710.40 for challenging void sister state judgments. That case involved the version of section 473 in effect before 1996 amendments divided the statute into subdivisions. (Stats. 1996, ch. 60, § 1, p. 261, eff. Jan. 1, 1997.) The *Liquidator* court rejected the appellant's contention that the *grounds* for setting aside a default included in paragraph 3 of the former statute, and now found in section 473, subdivision (b), applied in a motion filed pursuant to section 1710.40. (*Liquidator*, at p. 973.) The appellant had argued that "his alleged excusable neglect of being ill and in the hospital during the New Jersey trial prevent[ed] his attendance . . ." and provided legal grounds to vacate entry of judgment in this state. (*Ibid.*) The appellant's specific argument focused on the "excusable neglect" ground for setting aside a default under former section 473, and the court did not consider the language which appeared in paragraph 6 of the former section, now section 473, subdivision (d), regarding motions to set aside "any void judgment or order." This understandable omission calls into question *Liquidator*'s conclusion that "[t]he procedural remedy for vacating entry of a sister state judgment lies within section 1710.40 alone." (*Liquidator, supra*, 54 Cal.App.4th at p. 978.) Indeed, after noting that a party "does not *need* to demonstrate a defense apart from" section 1710.40, the court added that "[a] defendant does not *need* an additional procedural ground such as section 473." (*Liquidator*, at p. 978, italics added.) However, it remains clear that section 473, subdivision (d) provides a means to challenge void California judgments (see *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1248 [25 Cal.Rptr.3d 372]) and we see nothing in the language of the current section 473, subdivision (d) which limits its scope in the manner suggested by the *Liquidator* court. In any event, we review the judgment, not the rationale, and may affirm if the judgment is correct on any theory. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18–19 [112 Cal.Rptr. 786, 520 P.2d 10].) And as we explained, the court did not err in basing its ruling on section 1710.40.

■ There are at least two reasons for rejecting Airlines Reporting's argument that Renda waived his jurisdictional defense by filing a notice of appearance and responding to postjudgment discovery. First, common sense tells us that Renda's appearance in California in 2006 had no impact on the question whether the Virginia state court had personal jurisdiction over him in a case that became final in 2005. Second, "a judgment rendered in the absence of fundamental jurisdiction is simply a nullity." (*Thompson Pacific, supra*, 155 Cal.App.4th at p. 538.) " ' "A void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one." [Citation.]' [Citation.]" (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1240

[79 Cal.Rptr.2d 719].) The trial court properly concluded any purported waiver was as worthless as the underlying default judgment.

## II. *Sanctions Are Unwarranted*

Renda seeks $23,261.86 in sanctions against Airlines Reporting on grounds its appeal is frivolous under section 907. He argues that Airlines Reporting secured two default judgments against him in Virginia while concealing the federal court ruling in *Uniglobe* that it had no personal jurisdiction over him in that state. Renda maintains that Airlines Reporting "crossed the line between zealous advocacy and harassment" by continuing to pursue its procedural claims on appeal in the face of the trial court findings that the Virginia default judgment was void. We decline to impose sanctions in the circumstances of this case.

■ Section 907 provides that "[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." An appeal is frivolous "only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179] (*Flaherty*).) California courts apply both objective and subjective standards to determine whether an appeal indisputably has no merit. "The subjective standard looks to the motives of the appealing party and his or her attorney, while the objective standard looks at the merits of the appeal from a reasonable person's perspective. [Citation.] Whether the party or attorney acted in an honest belief there were grounds for appeal makes no difference if any reasonable person would agree the grounds for appeal were totally and completely devoid of merit. [Citation.]" (*Cox v. County of San Diego* (1991) 233 Cal.App.3d 300, 313 [284 Cal.Rptr. 266] (*Cox*), overruled on a different ground in *Zavala v. Arce* (1997) 58 Cal.App.4th 915, 925, fn. 8 [68 Cal.Rptr.2d 571].) However, the *Flaherty* court cautioned that "[a]n appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions. Counsel should not be deterred from filing such appeals out of a fear of reprisals." (*Flaherty, supra*, 31 Cal.3d at p. 650.) Courts should employ sanctions sparingly to deter only the most egregious conduct. (*Cox, supra*, 233 Cal.App.3d at p. 314.)

In response to Renda's claims of bad faith, Airlines Reporting contends it was obligated to argue the jurisdictional issue and attempt to distinguish the facts of this case from those of *Uniglobe* and *Commercial Travel*. We reject that contention as meritless because Airlines Reporting did not challenge the trial court's jurisdictional ruling in this appeal. More convincing is the

argument that no reasonable attorney would agree that Airlines Reporting's procedural claims were "totally and completely without merit." (*Flaherty, supra*, 31 Cal.3d at p. 650.) Although it is hornbook law that judgments entered by a court that lacks fundamental jurisdiction are void (*Thompson Pacific, supra*, 155 Cal.App.4th at p. 538; see 2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, §§ 11–13, pp. 584–588), it is at least arguable that the procedural ramifications of this principle are unclear in the context of the Sister State Money-Judgments Act. We therefore deny Renda's request for sanctions on appeal.

## DISPOSITION

The order is affirmed. Renda is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

Benke, Acting P. J., and Irion, J., concurred.