Filed 10/26/22  Cavanagh v. Cavanagh CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PETER J. CAVANAGH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL F. CAVANAGH, as Trustee, etc.,<br><br>    Defendant and Respondent. | 2d Civil No. B310124<br>(Super. Ct. No. 56-2016-00488427-PR-TR-OXN)<br>(Ventura County) |

Respondent Michael F. Cavanagh (Trustee) is the trustee and one of seven beneficiaries of the Francois and Mary Carmel Cavanagh 1988 Trust (Trust).  The deceased grantors of the Trust are Trustee's parents.  Trustee's brother, Peter J. Cavanagh, also a beneficiary of the Trust, appeals in propria persona from a postjudgment order denying his motion for discovery sanctions.

This is appellant's second appeal in this matter.  We granted appellant's motion to take judicial notice of the record in the first appeal.  In that appeal, we affirmed the trial court's

judgment approving Trustee's accounting and his actions on behalf of the Trust.  (*Cavanagh v. Cavanagh* (April 18, 2022, B294140) [nonpub. opn.] (*Cavanagh*).)  We also affirmed the trial court's postjudgment order requiring appellant to pay Trustee's reasonable expenses and costs of litigation, including attorney fees of $72,699, because appellant's contest of Trustee's account was without reasonable cause and in bad faith.

We conclude that the trial court did not abuse its discretion in denying appellant's postjudgment motion for discovery sanctions.  Accordingly, we affirm.

## First Appeal

The first appeal arose from the trial court's order requiring Trustee to render an accounting of the Trust assets.  In our prior opinion we noted that in the trial court appellant had claimed: "'Trustee should be assessed exemplary damages' because he has 'contumaciously obstructed [appellant's] lawful right to information through bad-faith litigation and abuse of process. There is credible evidence he has vowed to deplete Trust assets doing so. . . .'"  (*Cavanagh, supra*, slip opn. at p. 3.)  "Trustee [should] be 'surcharge[d]' for "'willful misconduct.'""  (*Id*. at p. 2.)

In our prior opinion we observed that, after a five-day court trial, the trial court had concluded:  "'[T]here is no evidence of malfeasance or misfeasance on the part of [Trustee] . . . . [Trustee] is in the position . . . of the aphorism that no good deed goes unpunished.  He has been the subject of undeserved criticism from his brother, which he has borne with a largely stoic demeanor.'"  (*Cavanagh, supra*, slip opn. at pp. 3-4.)  "'None of the improper conduct on the part of the trustee has been found to be true.  There was not a reasonable basis before the petition was filed to believe they were true. . . .  [Appellant] has availed

2

himself of the judicial system, and succeeded in causing the Trust to incur needless expense to the potential detriment of not only himself, but the other [six] beneficiaries.  He has filed frivolous motions.  He has attempted to sue counsel for the trust on specious and frivolous legal theories.'" *(Id.* at p. 4.)

*Appellant's Postjudgment Motion*

The judgment appealed from in the first appeal, i.e., the trial court's judgment approving Trustee's accounting and conduct, was filed in September 2018.  The postjudgment motion at issue here was filed more than two years later on October 29, 2020, while the first appeal was still pending.  In the motion appellant requested "discovery sanctions pursuant to CCP [Code of Civil Procedure] §§ 2023.010, 2023.030; . . . equitable remedies pursuant to non-statutory but inherent powers shown herein to be available to [the trial] Court; . . . remedies pursuant to PC [Probate Code] §§ 17200 *et seq*, 17211, 16440, 16441; . . . Orders to Show Cause re: contempt to [Trustee] and [Trustee's counsel] pursuant to CCP §§  2023.010, 2023.030(e), 1209(a), 128(a); Penal Code § 166(a) and . . . other remedies both statutory and non-statutory as set forth more fully below."

Appellant alleged, "The grounds for the motion are that the trustee, [his] counsel and counsel's law firm have individually and collaboratively engaged in pervasive litigation abuse, contumacious defiance of lawful authority; fraud and deceit upon the courts; reckless disregard for the truth, discovery abuse that includes spoliation and/or withholding of evidence, unmeritorious objections, stonewalling and failure to meet and confer; and with forays into criminality."  Appellant's motion included a list of 32 "remedies sought" for Trustee's and counsel's misconduct.

In support of the motion, appellant submitted a 148-page memorandum.  Appellant requested that the trial court take judicial notice of his 94-page opening brief in the prior pending appeal.  The trial court did not rule on the request.  The opening brief in the prior appeal is included in the present appeal's Clerk's Transcript.[1]

*Trustee's Opposition to the Motion and*
*Appellant's Reply to His Opposition*

In his opposition to appellant's postjudgment motion, Trustee claimed that, because of the pending appeal, the trial court lacked jurisdiction to rule on the motion except to the extent it requested discovery sanctions.  Trustee relied on Code of Civil Procedure section 916, subdivision (a), which provides, "[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . , but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."  "Under section 916, 'the trial court is divested of' subject matter jurisdiction over any matter embraced in or affected by the appeal during the pendency of that appeal.  [Citation.] . . . Thus, 'that court is without power to proceed further as to any matter embraced therein until the appeal is determined.'" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196-197.)  "The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.  [Citation.]  [¶]  However, the pendency of an appeal does not divest the trial court of jurisdiction to determine

---

[1] Trustee has requested that we take judicial notice of his respondent's brief in the prior appeal.  We grant the request.

4

ancillary or collateral matters which do not affect the judgment on appeal." (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938.)

In the trial court Trustee argued, "Even a cursory review of the Motion . . . shows that [except for appellant's request for discovery sanctions] this is all related to the orders already appealed from." In his brief in the present appeal, Trustee claims that, of the 32 "remedies sought" in appellant's motion, the only "items that are not 'embraced' or 'affected' by the First Appeal are items 3 and 15," which relate to discovery sanctions.

In his reply to Trustee's opposition to the motion, appellant said that "[w]hat he is seeking . . . is Discovery **sanctions**," and "the automatic stay prescribed by CCP § 91[6] does not apply to Discovery sanctions or [the trial court's] inherent power to remedy litigation abuse." Appellant proceeded to discuss Trustee's alleged spoliation of evidence. Appellant asserted, "[S]poliation is considered a particularly reprehensible form of Discovery abuse that is subject to a motion for sanctions even after rendition of judgment and while an appeal is pending." (See *Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 197, disapproved on another ground in *Presbyterian Camp & Conference Centers, Inc. v. Superior Court* (2021) 12 Cal.5th 493, 516, fn. 17 [postjudgment motion for discovery sanctions against Cal Fire "is collateral to the appeal because it is based on Cal Fire's alleged prejudgment discovery abuses, for which sanctions proceedings could have occurred regardless of the outcome of the appeal of the judgment"]; *Day v. Collingwood* (2006) 144 Cal.App.4th 1116, 1125 ["a trial court's consideration of a postjudgment sanctions request does not undermine the finality of the merits of the judgment"].)

We construe appellant's reply as narrowing his postjudgment motion to a request for discovery sanctions based primarily on Trustee's spoliation of evidence. "Spoliation of evidence means the destruction or significant alteration of evidence or the failure to preserve evidence for another's use in pending or future litigation." (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1223 (*Williams*).)

*Appellant's Memorandum in Support of Discovery Sanctions*

In his memorandum in support of his request for discovery sanctions, appellant contended: "After trial [he] discovered that in April 2018, [Trustee's] counsel had made contemporaneous entries in an official business record (timesheet) that [counsel] had deleted approximately 372 computer documents that he knew [appellant] had Requested and that [Trustee] had promised to produce in his Response. They were not produced and have never been, produced. . . . Upon being confronted with allegations of spoliation, counsel swore a new representation that he did not delete documents . . . ."

Trustee's counsel declared under penalty of perjury: "There were no emails that were destroyed. There were no documents that were destroyed. There were none that were deleted from servers. I received documents to be reviewed for production. As I went through that process I decided which documents were not relevant or not responsive and I 'deleted' those from the documents that we were going to provide electronically. In addition, I did review matters tak[ing] into consideration attorney-client privilege and as to those matters which I decided were covered by attorney client privilege, I also removed those from the documents which we were going to produce. There was

6

no loss of any records and there was no destruction of any records."

Appellant noted: "At a hearing on February 18, 2020 before the trial judge, [Trustee's] counsel made this statement: [']I was reviewing emails and as I reviewed them I deleted ones that were not relevant. . . . My client had provided me with a copy of all emails. They were deleted from what was to be presented to [appellant]. That was not felonious; that was not a destruction of records; that was nothing other than the ordinary course of deciding what was relevant to [appellant's] request and what was not.[']"

Appellant alleged: "[O]ut of 466 documents [Trustee] promised to produce, at least 371 were spoliated and approximately 74 emails were withheld. Counsel offers no explanation as to why the uncontroverted emails were withheld notwithstanding two new explanations." "It must be presumed that there is more undiscovered spoliation."

### Trial Court's Ruling on Motion

The trial court denied appellant's postjudgment motion in a brief order: "'The court finds that the motion either fails to demonstrate any ground for relief or raises issues that were previously determined against the moving party at trial and post-trial, which rulings are now either final or the subject of an appeal.'"

Appellant contends that the trial court's order shows it "summarily denied [his] motion on the implied grounds it lacked jurisdiction." We disagree. The motion's failure "to demonstrate any ground for relief" did not result in a lack of subject matter or personal jurisdiction. The trial court impliedly found that

7

appellant had failed to present evidence warranting the imposition of discovery sanctions.

*Appellant Has Not Shown that the Trial*
*Court Lacked Fundamental Jurisdiction*

In our opinion in the first appeal, we noted that appellant's petition to compel Trustee to render an accounting had been filed in the Solano County Superior Court. "[T]he Solano County Superior Court granted Trustee's motion to change the venue to Ventura County for the convenience of witnesses." (*Cavanagh*, *supra*, slip opn. at p. 2.)

In his opening brief in the present appeal, appellant claims that his "motion properly raises [the Ventura County Superior Court's] jurisdictional infirmity over [him] on grounds proper venue is and always has been, Solano County. [The Ventura County Superior Court] must **prove** jurisdiction to exist and it must do so as a **threshold** issue; **before** it may proceed. Nevertheless, [it] has not done so." Appellant emphasized the jurisdictional issue in his oral argument before this court.

"Courts refer to jurisdiction over the parties and subject matter as 'fundamental jurisdiction,' and where this is lacking there is an entire absence of power to hear or determine the case. [Citation.] 'Judgments or orders by a court that lacks jurisdiction in this fundamental sense are void. [Citation.] Objection may be raised at any time . . . .'" (*Airlines Reporting Corp. v. Renda* (2009) 177 Cal.App.4th 14, 19-20.)

Appellant is contending that the Ventura County Superior Court lacked fundamental jurisdiction because Solano County was the proper venue. "In contrast to jurisdiction, venue 'is the place of trial—a particular county of the state.' [Citations.] As a general rule, the issue of venue 'does *not* involve a question of

8

"fundamental" or "subject matter" jurisdiction over a proceeding. ". . . Thus, *venue is not jurisdictional in the fundamental sense*; and, both in civil and criminal cases, a change of venue from the superior court of one county to the same court in another county does not affect its jurisdiction over the subject matter of the cause." [Citations.]'" (*California Gun Rights Foundation v. Superior Court* (2020) 49 Cal.App.5th 777, 788.) Accordingly, the Ventura County Superior Court did not lack jurisdiction in the fundamental sense.

*The Trial Court Did Not Abuse Its Discretion*
*In Denying Appellant's Motion for Discovery Sanctions*

""""The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action. [Citations.] Only two facts are absolutely prerequisite to imposition of the sanction: (1) there must be a failure to comply . . . and (2) the failure must be wilful [citation]." [Citation.]'" (*Vallbona v. Springer* (1996) 43 Cal.App.4th 1525, 1545.)

The burden is on appellant to establish an abuse of discretion. (*In re Marriage of Economou* (1990) 224 Cal.App.3d 1466, 1476.) Appellant failed to carry his burden. The court was entitled to believe Trustee's counsel's statements that he did not spoliate or deliberately withhold any relevant evidence. In reviewing a trial court's order under the abuse of discretion standard, we "resolve all evidentiary conflicts most favorably to the trial court's ruling. . . . It is appellant's burden to affirmatively demonstrate error and where the evidence is in conflict, we will affirm the trial court's findings. [Citation.] We presume the trial court's order was correct and indulge all

9

presumptions and intendments in its favor on matters as to which it is silent." (*Williams, supra,* 167 Cal.App.4th at p. 1224.)

*Disposition*

The order denying appellant's postjudgment motion for discovery sanctions is affirmed. Trustee shall recover his costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


BALTODANO, J.

10

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Peter J. Cavanagh, in pro. per., for Plaintiff and Appellant.

Thomas E. Olson, for Defendant and Respondent.