[No. B169603. Second Dist., Div. Four. Jan. 26, 2005.]

STRATHVALE HOLDINGS et al., Plaintiffs and Appellants, v.
E.B.H. et al., Defendants and Respondents.

1242

**COUNSEL**

Law Office of Gary Kurtz and Gary Kurtz for Plaintiffs and Appellants.

Shaub, Williams & Nunziato, David R. Shaub and Lisbeth Bosshart for Defendants and Respondents.

**OPINION**

**EPSTEIN, P. J.**—Plaintiffs in a suit arising from a fraudulent investment scheme appeal from orders of the trial court dismissing three defendants, Eytan Halevy, Maria Halevy, and Daniel Halevy, for want of personal jurisdiction. We dismiss as untimely the purported appeal from the order granting Eytan Halevy's motion to quash service of summons and complaint

(and to dismiss) on the ground of lack of personal jurisdiction. We reject plaintiffs' argument that the other two defendants, Eytan's wife, (whose full name is Maria Luisa De Abreu Freire Bandeira Halevy; hereafter Maria), and Eytan's son, Daniel Bandeira Halevy (Daniel) failed to preserve their challenge to the court's personal jurisdiction over them. We affirm the order vacating default judgments as to them.

## FACTUAL AND PROCEDURAL SUMMARY

This is an action arising from a fraud scheme involving Rob Nite, conducted through his business, Manor Financial Services. Plaintiffs[1] allege they invested over $1 million and were promised returns of $102 million. The defendants are various entities[2] and individuals. We are concerned with only three of the individual defendants in this appeal—Eytan Halevy (Eytan), Maria, and Daniel.[3] According to the allegations of the complaint, the defendants came into possession of at least $750,000 of the proceeds of the Manor Financial scheme, part of which was invested by plaintiffs, and part which apparently came from other victims.

The complaint alleges that Eytan, Maria, and Daniel had "substantial contact with the State of California, including without limitation, deriving the funds at issue in this action from California and from fraudulent activities which occurred in California." Plaintiffs sought imposition of a constructive trust, a resulting trust, and alleged causes of action for conversion and unfair business practices.

Eytan successfully moved to quash service of summons and complaint, and for dismissal of the action on the ground of lack of personal jurisdiction. The motion was granted on August 1, 2002, based on the trial court's finding that there was no basis to assert personal jurisdiction over Eytan.

---

[1] The plaintiffs are Strathvale Holdings (a limited liability entity under British law) and its owner, Brian J. Dempsey; Concord Investment Holdings Corporation (a limited liability entity under British law) and its owner, Ken Murishwar; and Karifa Capital Corp. Ltd. (a limited liability entity under British law).

[2] The entity defendants are E.B.H.; E.B.H. Services Financeiros, Limitada; E.B.H. Maritime Finance Ltd.; EBH Bodi Financial Services Mongolia Ltd.; EBH Bodi Tower Ltd.; EBH Finance Holdings, SA.

[3] We sometimes refer to these defendants by their first names in order to avoid confusion. The other individual defendant was Klaus Alfred Adam Rachow.

In February 2003, plaintiffs obtained entry of defaults against Daniel and Maria. In March 2003, Maria and Daniel moved to quash service of summons, to vacate the defaults and dismiss the action on the grounds of lack of personal jurisdiction and inconvenient forum, under Code of Civil Procedure sections 473 and 418.10, subdivision (a)(1).[4]

Maria and Daniel argued that service of process upon them was void because plaintiffs failed to comply with the Hague Service Convention, the exclusive method of service upon a defendant resident in a country which is a signatory to the convention. They also argued the court lacked personal jurisdiction over them because they lack minimum contacts with this forum. They submitted declarations that they are citizens and residents of Portugal; never lived in California; never treated California as their domicile; never owned real or personal property in California; have not done business in California; have not engaged in or solicited business in California; have not advertised or sold goods or services in California; have not availed themselves of the privilege of conducting business in California; have not voted or held any license from California; have never sued in California; and have never been employed by a California employer.

Maria's declaration stated that Eytan was deceased. She said she had received the notice of the filing of the original summons and proof of service on herself, and her son, as well as on the entity defendants "E.B.H. Financial Holdings, S.A., Maritime Finance Ltd., EBH Servicoos Financieros Limitida, EBH Financial Services Mongolia Ltd, Bohi Tower, Ltd., and Maritime Ltd." She disclaimed any knowledge of the activities of these entities and said she did not know why proofs of service for these entities were sent to her residence. Maria declared that she had not participated in these entities and was not aware of their object. Maria further declared that the plaintiffs are unknown to her, she had never had any personal or business contact with them, nor had she had personal or business dealings with any person whom she knew to have received monies from any of plaintiffs. Maria said she had no involvement in this action until she received the default papers.

Daniel's declaration was similar. He denied any knowledge or participation in the activities of the entity defendants. He also denied any contact, personal or business, with plaintiffs, or with persons he knew to have received money from plaintiffs.

In opposition to the motion brought by Maria and Daniel, plaintiffs argued there was no showing of a reason to set aside the default. They contended service was properly effected under the Hague Service Convention. Plaintiffs

---

[4] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

took the position that the trial court could not consider the personal jurisdiction issue because the motion to quash was untimely, and the requirements necessary to set aside the default had not been satisfied. This argument was premised on the assertion that Maria and Daniel had waived the personal jurisdiction issue by not filing a timely objection to personal jurisdiction. Plaintiffs did not address the merits of the jurisdictional issues.

On April 28, 2003, Maria and Daniel filed a separate motion to vacate default as void on the grounds of lack of personal jurisdiction under section 473, subdivision (d). They asserted personal jurisdiction was lacking because there was no valid service of process and because they lacked minimum contacts with California. This motion was supported by a declaration by Maria reiterating her lack of contact with this forum.

Plaintiffs opposed the motion on the ground that Maria and Daniel had not demonstrated the grounds to set aside a default under section 473, subdivision (b), although the motion was brought under section 473, subdivision (d). Plaintiffs asserted: "There is absolutely no legitimate basis to set aside the default, so this court may not address the substantive jurisdictional issues." They did acknowledge: "If the summons and complaint were not properly served, then jurisdiction never attached in this case, and the default may be declared void. That is one of narrow exceptions to the exclusivity of Code of Civil Procedure § 473. *See Taylor v. Varga* (1995) 37 Cal.App.4th 750, 761 [43 Cal.Rptr.2d 904]." Plaintiffs went on to argue that service of process was proper under the Hague Service Convention.

In response to Maria and Daniel's argument that the default was void because the California court did not have personal jurisdiction, plaintiffs argued that the default was not void because service was proper. They cited authority to the effect a judgment that is void for lack of jurisdiction, but the invalidity of which does not appear on its face, may be set aside on motion within a reasonable time after its entry. (Citing *Fidelity Bank v. Kettler* (1968) 264 Cal.App.2d 481, 484 [70 Cal.Rptr. 500].) From this, plaintiffs concluded: "The instant case involves a default which is presumptively valid based on the court file, and defendants' challenge is based on the evidence presented in their moving papers. Thus, according to defendants' own authority, the default cannot be declared void." Plaintiffs also argued that Maria and Daniel had waived the personal jurisdiction defect by failing to raise it before entry of default. In a surreply, plaintiffs argued that objections to personal jurisdiction do not render a default void.

We are not provided with the transcript of the hearing. The trial court granted both the motion to quash and the motion to vacate default. An order of dismissal terminating the action states the basis for the trial court's ruling: "This Court found that there was no personal jurisdiction over defendants Maria Luisa de Abreu Freire Bandeira Halevy and Daniel Bandeira Halevy." On that basis, the court vacated the default and then dismissed the action against those two defendants. Plaintiffs appealed from the order of dismissal.

## DISCUSSION

### I

■ We dispose of the purported appeal from the order granting Eytan Halevy's motion to quash service of summons and complaint (and to dismiss) on the ground of lack of personal jurisdiction. (§ 418.10, subd. (a)(1).) The order granting the motion was appealable under section 904.1, subdivision (a)(3). (*Gould, Inc. v. Health Sciences, Inc.* (1976) 54 Cal.App.3d 687 [126 Cal.Rptr. 726].) ■ Under California Rules of Court, rule 2, an appeal must be filed within 60 days of mailing by the court of the notice of entry or a file-stamped copy of the order; 60 days from notice by a party; or 180 days after entry of judgment. The motion was granted on August 1, 2002, by minute order, which did not direct that a written order be prepared. Under California Rules of Court, rule 2(c)(2), the entry date of an appealable order is the date it is entered in the permanent minutes unless the minute order directs the preparation of a written order. The order granting Eytan Halevy's motion was thus "entered" for the purposes of calculating the time to appeal, on August 2, 2002. (See *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 208–209 [30 Cal.Rptr.2d 678].)

■ The notice of appeal was not filed until August 20, 2003, more than one year from the order granting the motion to quash. Under section 906, on appeal, we may not review any order from which a separate appeal might have been taken. (See *In re Marriage of Curtis* (1992) 7 Cal.App.4th 1, 6–7 [9 Cal.Rptr.2d 145].) The appeal is untimely as to this order, and the order is final. We deny plaintiffs' request for attorney fees under *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [83 Cal.Rptr. 508, 646 P.2d 179].

### II

The primary issue in this appeal is whether the trial court had the authority to vacate the default on the ground of lack of personal jurisdiction over Maria and Daniel. Resolution of the issue turns on the dispute between the parties as to whether the default was "void."

■ " 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter *or the parties.*' " (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 [16 Cal.Rptr.3d 76, 93 P.3d 1020], quoting *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942], italics added.) "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' " (*American Contractors Indemnity Co., supra,* at p. 660, quoting *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 119 [101 Cal.Rptr. 745, 496 P.2d 817].)

■ A motion to vacate a void judgment is a direct attack. (*Walker v. San Francisco Housing Authority* (2002) 100 Cal.App.4th 685, 693–694 [122 Cal.Rptr.2d 758]; 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 2, p. 508.) "[O]n direct attack, lack of jurisdiction may be shown by extrinsic evidence, i.e., evidence outside the judgment roll." (8 Witkin, *supra,* § 5, p. 513.) The Witkin treatise explains the proper procedure to be taken to vacate a judgment that is void, but appears proper on its face: "The rule prohibiting extrinsic evidence does not mean that a judgment void for lack of jurisdiction can be enforced merely because the supporting papers, though false in fact, are in good form. It merely requires that the challenge of a judgment good on its face should be made by a *direct attack.*" (8 Witkin, *supra,* § 11, p. 518.)

We conclude that this rule applies to the situation before us: a default supported by evidence of service of process, but which is challenged for lack of personal jurisdiction. Maria and Daniel invoked the proper procedure of a direct attack on the default by motion under section 473, subdivision (d) which states: "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order."

■ "A motion to vacate a default and set aside [a] judgment (§ 473) 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.' " (*Lint v. Chisholm* (1981) 121 Cal.App.3d 615, 619–620 [177 Cal.Rptr. 314], quoting *City Bank of San Diego v. Ramage* (1968) 266 Cal.App.2d 570, 579 [72 Cal.Rptr. 273].) The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. (*Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].)" (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1318–1319 [13 Cal.Rptr.3d 716].)

On appeal, plaintiffs do not address the merits of the personal jurisdiction issue. Instead, they maintain their position taken in the trial court, that default was properly entered, and that Maria and Daniel failed to demonstrate grounds to set aside the default under section 473, subdivision *(b)*, even though the motion was brought under section 473, subdivision *(d)*. They address Maria and Daniel's arguments below attacking validity of service of process. Plaintiffs repeat the argument made to the trial court that the default was not void on its face because service was proper.

Plaintiffs mistakenly conclude that "[t]he only motion the trial court was permitted to hear was a motion to set aside the default, not an attack against personal jurisdiction." They continue to assert that Maria and Daniel waived the personal jurisdiction issue by failing to bring a motion to quash.

■ As we have discussed, plaintiffs' position is unsupported by law. Lack of personal jurisdiction renders a judgment (or default) void, and the default may be directly challenged at any time. Maria and Daniel did precisely that: they filed a motion to vacate the void default under section 473 within two months after its entry. They preserved the issue of personal jurisdiction and brought an appropriate direct attack on the default. We turn to a review of the merits of their motion.

### III

■ When a defendant challenges the court's personal jurisdiction, the plaintiff has the initial burden of "demonstrating facts justifying the exercise of jurisdiction." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449 [58 Cal.Rptr.2d 899, 926 P.2d 1085].) "When there is conflicting evidence, the trial court's factual determinations are not disturbed on appeal if supported by substantial evidence." (*Vons*, at p. 449.)

Here, plaintiffs made no showing in the trial court justifying the exercise of personal jurisdiction over Maria and Daniel. They did not address the merits of the jurisdiction issue. The trial court was presented only with declarations by Maria and Daniel disclaiming any contacts with California.

■ The exercise of personal jurisdiction over a nonresident defendant comports with the Constitutions of California and the United States " 'if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate " 'traditional notions of fair play and substantial justice.' " ' " [Citations.]" (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 268 [127 Cal.Rptr.2d 329, 58 P.3d 2].)

Of the two bases to establish personal jurisdiction, general and specific (*Pavlovich v. Superior Court, supra*, 29 Cal.4th at pp. 268–269), plaintiffs invoke only specific personal jurisdiction. "When determining whether specific jurisdiction exists, courts consider the ' "relationship among the defendant, the forum, and the litigation." ' (*Helicopteros Nacionales de Colombia v. Hall* (1984) 466 U.S. 408, 414 [80 L.Ed.2d 404, 104 S.Ct. 1868, 1872], quoting *Shaffer v. Heitner* (1977) 433 U.S. 186, 204 [53 L.Ed.2d 683, 97 S.Ct. 2569, 2579].) A court may exercise specific jurisdiction over a nonresident defendant only if: (1) 'the defendant has purposefully availed himself or herself of forum benefits' (*Vons, supra*, 14 Cal.4th at p. 446); (2) 'the "controversy is related to or 'arises out of' [the] defendant's contacts with the forum" ' (*ibid.*, quoting *Helicopteros, supra*, 466 U.S. at p. 414 [104 S.Ct. at p. 1872]); and (3) ' "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " ' (*Vons, supra*, 14 Cal.4th at p. 447, quoting *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472–473 [85 L.Ed.2d 528, 105 S.Ct. 2174, 2182] (*Burger King*)). [¶] 'The purposeful availment inquiry . . . focuses on the defendant's intentionality. [Citation.] This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on' his contacts with the forum. (*U.S. v. Swiss American Bank, Ltd.* (1st Cir. 2001) 274 F.3d 610, 623–624 (*Swiss American Bank*).) Thus, the ' "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts [citations], or of the "unilateral activity of another party or a third person." [Citations.]' (*Burger King, supra*, 471 U.S. at p. 475 [105 S.Ct. at p. 2183].) 'When a [defendant] "purposefully avails itself of the privilege of conducting activities within the forum State," [citation], it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State.' (*World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297 [62 L.Ed.2d 490, 100 S.Ct. 559, 567] (*World-Wide Volkswagen*).)" (*Pavlovich v. Superior Court, supra*, 29 Cal.4th at p. 269.)

The record demonstrates that plaintiffs failed to satisfy any of the requirements to establish personal jurisdiction over Maria and Daniel in California. The order of the trial court vacating the default judgments and dismissing the action as to Maria and Daniel was proper.

## DISPOSITION

The order vacating the default judgments and dismissing the action as to Maria and Daniel is affirmed. The appeal from the order as to Eytan Halevy is dismissed as untimely.

Curry, J., and Grimes, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.