Filed 8/27/15  Palmer v. JP Morgan Chase Bank CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DIANE C. PALMER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant and Respondent. | DO67434<br><br><br>(Super. Ct. No. CIVRS1106927) |

APPEAL from a judgment of the Superior Court of San Bernardino, Barry L. Plotkin, Judge.  Affirmed.

Diane C. Palmer, in pro. per., for Plaintiff and Appellant.

Bryan Cave and Julie W. O'Dell, David J. Joerger, Sean D. Muntz, and Richard P. Steelman, Jr., for Defendant and Respondent.

Diane C. Palmer challenges the trial court's order setting aside the default judgment against JP Morgan Chase Bank, N.A. (Chase) and the trial court's entry of judgment of dismissal with prejudice of her first amended complaint.  We deny Palmer's challenges and affirm the judgment in favor of Chase.

FACTUAL AND PROCEDURAL BACKGROUND

Palmer's ex-husband defaulted on a home loan Chase had acquired from Washington Mutual. After Chase foreclosed on the home, Palmer sued Chase to unwind the foreclosure sale. In September 2011, Palmer filed an unsigned proof of service of the complaint along with a copy of a return receipt of mailing of summons and complaint directed at Chase Home Finance, LLC, but not to any particular agent or officer of Chase.

In December 2011, Palmer sought to enter a default judgment against Chase at a case management conference, but the court declined based on its concern about the propriety of her service of the summons and complaint. The court advised Palmer "to seek legal advice regarding proof of service and complaint."

In January 2012, Palmer sent by certified mail copies of her motion for default judgment and the summons and complaint to Arthur Schwachman, Senior Counsel, J.P. Morgan Chase and Co., at a Los Angeles address, but she did not file an amended proof of service of the complaint with the court. Later that month, Palmer unsuccessfully sought to enter Chase's default on two more occasions, but the clerk rejected her applications for failure to serve Chase exactly as she had named it in her complaint.

Palmer submitted a fourth request for entry of default, which the clerk entered as requested on January 19, 2012. Given Palmer's repeated attempts to enter its default, Chase attempted to file an answer to put the matter at issue even though it did not believe Palmer had properly served it. After the court rejected the answer based on the January 19, 2012 entry of default, Chase successfully moved to set aside the entry of default based on Palmer's failure to properly serve the summons and complaint. Palmer moved for reconsideration of the court's

2

order setting aside the default, but the court denied the motion. Chase provided Palmer with notice of the ruling.

In April 2012, Chase filed a demurrer to Palmer's complaint, which the court sustained with leave to amend. Palmer filed her first amended complaint, but the court sustained Chase's demurrer to it with leave for Palmer to file an amended complaint on or before October 15, 2012. More than a month after the time to file an amended complaint expired, Palmer requested an extension of time to file her amended complaint.

Before the court ruled on Palmer's extension request, Chase filed an ex parte application requesting dismissal of the action based on Palmer's failure to timely file an amended complaint. At the hearing on the ex parte application, for which Chase appeared telephonically and Palmer appeared in person, the court entered a judgment of dismissal of the action with prejudice.

Palmer unsuccessfully moved for reconsideration of entry of judgment of dismissal and now appeals.

## DISCUSSION[1]

Palmer contends the court erred in setting aside Chase's default and in dismissing her action.[2]

---

[1]    Palmer's motion to take judicial notice of California statutes and appellate cases is granted. (Evid. Code, § 451, subd. (a).)

[2]    Palmer's opening brief confines her contentions to these two issues, although it makes a passing reference to the merits of her underlying wrongful foreclosure case. Her reply brief attempts to argue the merits of the wrongful foreclosure case in detail. However, we decline to address these new issues. (See *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764-766 [recognizing that absent an exceptional showing of good cause, an appellate court will not address issues raised for the first time in a reply brief].)

*I. Motion to Set Aside Default*

A trial court's ruling on a motion to set aside a default is reviewed for an abuse of discretion. The outcome of such a motion " 'rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere . . . unless it clearly appears that there has been a plain abuse of discretion.' " (*City of Ontario v. Superior Court* (1970) 2 Cal.3d 335, 347.) " 'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) A trial court's grant of such a motion promotes the public policy favoring trials on the merits and thus only "very slight evidence is required to justify a trial court's order setting aside a default." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.) As a self-represented litigant, Palmer is not entitled to any special consideration but is held to the same standards as litigants represented by counsel. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056.) Here, we find the trial court did not abuse its discretion in setting aside the entry of default against Chase.

Service on a defendant in another state may be accomplished by any of the four methods for serving persons within California, including service by mail with acknowledgement of receipt. (Code Civ. Proc., §§ 413.10, subd. (b), 415.40.) Service on out-of-state corporations may be made on "any officer of the corporation or its general manager in this state." (Corp. Code, § 2110.) Effecting service upon a corporation requires delivery of a summons and complaint to a particular person authorized to accept service on behalf of the corporation. (*Dill v. Berquist Const. Co., Inc.*, (1994) 24 Cal.App.4th 1426, 1437.)

Here, the evidence in the record fails to establish that Palmer properly effected out-of-state service of the summons and complaint on an agent authorized to receive service of process on behalf of Chase. On two separate occasions she mailed a copy of the summons and complaint to Chase affiliates in Florence, South Carolina but did not name any particular person as the recipient. The mail was received by a person who signed the mail receipt as Ted Butler without specifying his position at Chase. Palmer's failure to identify a specific person authorized to accept service on behalf of the corporation rendered her attempted service invalid. (*Dill v. Berquist Const. Co., Inc.*, *supra*, 24 Cal.App.4th at pp.1436-1439.)

The court apparently recognized these problems at the case management conference when it questioned the validity of Palmer's service on Chase. Although Palmer later mailed a copy of the summons and complaint that was addressed to Arthur W. Schwachman, Senior Counsel, J.P. Morgan Chase and Co. the record fails to substantiate that Mr. Schwachman was an authorized agent for service of process on Chase. Further, for service of a summons and complaint by mail within California to be valid, the recipient must sign an acknowledgment of receipt of summons. (Code. Civ. Proc., § 415.30.) Palmer did not provide evidence of such an acknowledgment of receipt.

Palmer suggests that because Chase knew of the contents of the complaint as shown by its unsuccessful attempt to file an answer, service of the complaint should be deemed proper. However, Chase had no duty to respond to a defectively served summons. The requirement of notice is not satisfied by a defendant's actual knowledge of the complaint absent service conforming to the statutory requirements. (*County of Alameda v. Lackner* (1978) 79 Cal.App.3d 274, 282.) Further, the court lacks jurisdiction to enter the default against the improperly served

5

defendant, and if it has done so the default must be set aside. (See *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1250 [holding that a default is void where court lacks personal jurisdiction over the defaulted defendant].)

Given Palmer's failure to establish valid service of process, the court did not abuse its discretion in setting aside the default judgment against Chase.

*II. Motion to Dismiss for Failure to File First Amended Complaint*

A trial court's determination to dismiss an action under Code of Civil Procedure section 581, subdivision (f)(2), for failure to timely file an amended complaint or to deny leave to file a belated amended pleading is reviewed for abuse of discretion. (*Leader v. Health Industries of America*, *Inc.* (2001) 89 Cal.App.4th 603, 611.) Palmer appears to contend that three errors require reversal of the court's judgment of dismissal: (1) Chase's failure to provide notice to Palmer of any rulings until the final ruling of January 28, 2013, denying motion to reconsider entry of judgment; (2) Chase's telephonic appearances (as opposed to personal appearances) at various hearings, including the November 29, 2012, ex parte hearing resulting in the dismissal of her case; and (3) the judge's bias against her.

A. Chase's alleged failure to give notice of rulings

Palmer fails to support her contention that she did not receive notice of the court's rulings. To the contrary, the record establishes that Chase provided her with proper notice of each ruling.

When the court sustained Chase's demurrer with 20 days leave to amend on September 25, 2012, that day Chase gave notice of the ruling. Palmer had until October 15, 2012, to file an amended complaint but failed to do so.

6

On November 13, 2012, Chase filed an ex parte application requesting entry of judgment because of Palmer's failure to file an amended complaint and gave Palmer notice of the hearing for "ex parte application for the entry of judgment of dismissal . . . " set for November 15, 2012, at 8:30 a.m.  On November 21, 2012, more than a month after the time to file an amended complaint expired, Palmer filed a request for extension to serve second amended complaint until December 7, 2012.  Her reasons for the request were that she was self-represented, was trying to understand the court's demurrer ruling and was gathering necessary documents.  Notably she did not claim that she needed more time because she had not received timely notice of the demurrer ruling.  Nor did she raise failure to receive timely notice of ruling in her motion for reconsideration of the dismissal order.

Palmer personally appeared at all of the court hearings involving contested matters and has not demonstrated that the proofs of service Chase filed showing proper notice were inaccurate or fraudulent.  Moreover, she never objected in the trial court that she received inadequate notice of any hearing or ruling and thus has waived the right to raise that objection for the first time on appeal.  (*Consumers Union of U.S.*, *Inc v. Alta-Dena Certified Dairy* (1992) 4 Cal.App.4th 963, 976.)  We conclude that Palmer's claim of lack of notice has no merit.

B.  Chase's telephonic appearances

Palmer also contends that the court erred by not informing her in advance that Chase would be appearing for hearings by telephone and by allowing Chase to do so.  Again, however, Palmer never objected below to Chase's telephonic appearances and thus her objections are waived.  (*Consumer's Union of U.S.*, *Inc. v. Alta-Dena Certified Dairy*, *supra*, 4 Cal.App.4th at p. 976.)  Further, California Rules of Court, rule 3.670, specifically allows for telephonic

7

appearances "[t]o improve access to the courts and reduce litigation costs, . . . to the extent feasible, . . . at appropriate conferences, hearings, and proceedings in civil cases."[3] Chase's telephonic appearances do not provide a basis for reversing the judgment of dismissal.

### C. Bias of the trial judge

Palmer's final contention is that the trial judge was biased against her because he "retired after [she] timely filed her motion to reconsider and refused to preside over scheduled hearing and rule on the legal matter resulting in denial of [her] timely and justifiable filed motion." It is difficult to fathom how the judge's decision to retire evinces a bias against Palmer. If the judge was in fact biased, why would Palmer want him to decide the motion for reconsideration? The fact that a judge rules against a party does not establish that judge is biased against that party. Palmer has not identified anything in the record showing judicial bias. In addition Palmer failed to timely object on the grounds of judicial bias. We reject this claim of error.

---

[3]  Although California Rules of Court, rule 3.670(h), requires notice of telephonic appearance, Palmer has not shown on appeal that she was prejudiced in any way by the fact that Chase's counsel appeared telephonically rather than in person at the hearings in question.

DISPOSITON

The judgment is affirmed.  Chase is awarded its costs on appeal.


_____
PRAGER, J.*

WE CONCUR:


_____
McDONALD, Acting P. J.


_____
McINTYRE, J.

_____

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.