Filed 1/28/21  Peters v. Shekoni CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| TRAVIS PETERS, | B302417 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC666494) |
| v. | |
| YUSUF SHEKONI, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Medvei Law Group, Sebastian M. Medvei, for Plainitiff and Appellant.

Borton Petrini, Andrew M. Morgan, for Defendant and Respondent.

————————————————

Plaintiff and appellant Travis Peters appeals from an order setting aside a default judgment in favor of defendant and respondent Yusuf Shekoni in this personal injury action arising from a car accident.  On appeal, Peters contends the trial court erred in granting Shekoni's motion to set aside default judgment under Code of Civil Procedure section 473, subdivision (d),[1] because it granted the motion based on extrinsic evidence that Shekoni did not have actual or constructive notice of the proceedings although service of process was facially valid.  We conclude that the trial court properly considered the declarations Shekoni filed in support of his motion to set aside the default judgment, and affirm the order.

## FACTS AND PROCEDURAL HISTORY

### *The Complaint and Entry of Default*

On June 27, 2017, Peters filed a summons and complaint alleging negligence and battery against Shekoni for injuries Peters suffered while riding as an Uber passenger in Shekoni's vehicle on December 17, 2016.  The complaint alleged that Shekoni negligently proceeded into an intersection that another vehicle was illegally traversing, which resulted in a collision that caused Peters to suffer

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

severe injury.[2]  The proof of service of summons and complaint executed by a registered California process server indicates substituted service was made on "Jane Shekoni Wife" described as a 40-year-old black female with black hair, approximately five feet six inches tall and 135 pounds, at Shekoni's residence on October 16, 2017.  The proof of service also indicates that the copies of the documents were mailed to Shekoni at his residence by first-class mail with prepaid postage on October 16, 2017.  The declaration of diligence states that the process server attempted to serve Shekoni on three previous occasions at his residence, but that Shekoni was "unavailable."

On January 24, 2018, Peters filed a statement of damages.  The proof of service of the statement of damages executed by a registered California process server indicates substituted service was made on "Jane Doe" at Shekoni's residence on January 20, 2018.  No description is provided for Jane Doe.  The declaration of diligence states that the process server attempted to serve Shekoni on five previous occasions at his residence, but that Shekoni was "unavailable."  Peters filed a request for entry of default on February 1, 2018, which the Clerk of the Superior Court rejected because there was no physical description of "Jane Doe" in the proof of service as required.

_____

[2] Carolina Gomez, the driver of the other vehicle, was also a named defendant, but settled with Shekoni and is not a party to this appeal.

3

On March 7, 2018, Peters filed a second statement of damages and request for entry of default. The proof of service of the statement of damages executed by a registered California process server indicates substituted service was made on "Jane Doe," a 30-year-old female co-occupant of middle eastern ethnicity with black hair, approximately five feet six inches in height and 140 pounds, at Shekoni's residence on January 20, 2018. No declaration of diligence was filed. The Clerk of the Superior Court again rejected the request for entry of default, this time because "The dates of execution and declaration of mailing date CCP 587 must be updated to reflect a new filing and mailing of default request to defendant. And dates of execution & declarations should be within 30 days to the date of filing of request for entry of default."

On March 26, 2018, Peters filed a third statement of damages and request for entry of default. The proof of service of the statement of damages executed by a registered California process server indicates substituted service was made on "Jane Doe," a 30-year-old female co-occupant of middle eastern ethnicity with black hair, approximately five feet six inches in height and 140 pounds, at Shekoni's residence on January 20, 2018. The declaration of diligence states that the process server attempted to serve Shekoni on five previous occasions at his residence, but that Shekoni was "unavailable." The Clerk of the Superior Court rejected the third request for entry of default because "need new request and use all new dates," the proof of service or

4

statement of damages was incomplete ("1B name [of] defendant not provided"), and there was "no proof of mailing of substitute service with date . . . , place of mailing, address" of the statement of damages.

On April 11, 2018, Peters filed a fourth statement of damages and request for entry of default. The proof of service of the statement of damages executed by a registered California process server indicates substituted service was made on "Jane Doe," a 30-year-old female co-occupant of middle eastern ethnicity with black hair, approximately five feet six inches in height and 140 pounds, at Shekoni's residence on January 20, 2018. The declaration of diligence states that the process server attempted to serve Shekoni on five previous occasions at his residence, but that Shekoni was "unavailable."

On December 7, 2018, Peters requested a court judgment against Shekoni. The trial court denied the request for default judgment without prejudice in a minute order dated February 4, 2019, because Peters claimed damages for two business entities, which, if distinct, would have separate claims for damages.

On April 3, 2019, Peters again requested a court judgment.

On August 15, 2019, the court entered default judgment against Shekoni for $5,852,051.29 in damages and costs. Copies of the notice of entry of judgment were mailed to Shekoni at his residence.

5

### *Shekoni's Motion to Set Aside Default Judgment*

On October 18, 2019, Shekoni filed a motion to set aside default judgment pursuant to section 473, subdivisions (b) and (d), and section 473.5, and requesting leave to file an answer in the matter. In support of the motion, Shekoni filed declarations by himself; his wife, Mujidat Shekoni (Mujidat); George Chukwudobe, who represented Shekoni in connection with claims for personal injury and property damage arising from the December 18, 2016 accident; and Jeffrey Z. Liu, Shekoni's attorney of record.

Shekoni declared that he was transporting Peters in his vehicle on December 18, 2016, when Carolina Gomez ran a red light and struck his vehicle. He hired Chukwudobe to represent him for his claims arising out of the incident. Shekoni made a claim to James River Insurance Company, which was ultimately settled. Neither Chukwudobe nor James River Insurance Company informed him that any individual was making claims against him before he settled the insurance claim. Shekoni was never served with the complaint in the instant matter, and never received a copy by mail. Between December 18, 2016, and August of 2019, he did not receive any written notices or documents relating to the instant case. He asked his wife if she had been served with any documents or received mail relating to the case, and she stated that she had not. On or around August 26, 2019, Shekoni received the Notice of Entry of Judgment by mail and immediately contacted Chukwudobe, who

contacted James River Insurance Company to inquire as to the nature of the case. On September 6, 2019, Shekoni contacted Liu, his current attorney. Shekoni did not believe that he acted negligently in any way in the accident.

Mujidat declared that her name is "Mujidat Shekoni" and that she has never been referred to by any other alias or name, including "Jane Shekoni." She lives at the address where substituted service was purportedly made, and has lived there from at least 2017 until the date of her declaration. Mujidat had never received any documents relating to this case by personal delivery, personal service, or by mail. Had she received such documents, she would have given them to her husband.

Chukwudobe declared that he was retained by Shekoni to represent him for his claims arising out of the incident. Shekoni's vehicle was insured by James River Insurance Company. In the course of his representation of Shekoni, Chukwudobe was in constant contact with James River Insurance Company and was never informed that any claim had been filed against Shekoni by Peters or any other party. When Chukwudobe represented Shekoni, he instructed Shekoni to bring him any paperwork, initiating documentation, complaints, legal pleadings, and any other documents that he received relating to the case. Prior to August of 2019, Shekoni never brought him any paperwork relating to the instant case. In August of 2019, Shekoni contacted him and indicated that he received the Notice of Entry of Judgment in this case from the court. Chukwudobe

7

asked Shekoni if he had been served with the summons and other court documents relating to this case. Shekoni denied any knowledge that the case existed, and stated that the Notice of Entry of Judgment was the first document he had received. Chukwudobe immediately contacted representatives of the James River Insurance Company and informed them that the lawsuit had been filed and default judgment entered against Shekoni. On or about September 6, 2019, Chukwudobe was contacted by Liu, who indicated that Shekoni had retained him to represent him in the matter. Chukwudobe made Liu aware that prior to August of 2019 he had never received any sort of initiating document from the court or Shekoni regarding the lawsuit, and Chukwudobe was not aware that it had been filed until he received the Notice of Entry of Judgment.

Liu declared that Shekoni was never served with any documents in this matter even after Liu made Peters's counsel aware that he was representing Shekoni on September 6, 2019. On that date, Liu began trying to meet and confer with Peters's counsel in an attempt to reach a stipulation to vacate the default. Peters's counsel refused to stipulate. Liu requested copies of the default judgment requests and accompanying proofs of service from Peters's counsel on September 30, 2019, but had not received them by the date of the declaration. Once Liu obtained the documents, it became clear to him that many of the requests for default were rejected by the court and therefore defective. Moreover, the allegations of the complaint clearly indicated

8

that Gomez, who was never served, caused the traffic incident, a fact that was corroborated by the Traffic Collision Report.

Shekoni attached a proposed answer to the complaint, in which he denied the allegations set forth in the complaint and asserted affirmative defenses, as well as other documentation in support of the motion.

In his memorandum of points and authorities, among other legal arguments, Shekoni contended that where there has been a complete failure of service of process, a resulting judgment is void, and should be vacated pursuant to section 473, subdivision (d). Shekoni cited authority for the proposition that such failure of service means a trial court never obtains personal jurisdiction over a defendant, violating fundamental due process.

### Peters's Opposition and Shekoni's Reply

Peters opposed the motion, arguing that Shekoni was not entitled to relief (1) under section 473, subdivision (b), because he moved to set aside default more than six months after entry of default; (2) under section 473, subdivision (d), because the section pertains only to "void" judgments and not "voidable" judgments—here service was valid and not void; and (3) under section 473.5, because he failed to make a showing under oath that his lack of actual notice in time to defend the action was not caused by his avoidance of service or inexcusable neglect, and because the methods used to

9

provide notice were reasonably calculated to accomplish it. Peters also argued that Shekoni had not requested equitable relief and was not entitled to it. The declaration of Peters's attorney, Sebastian Medvei, was attached, as well as the proofs of service for the documents relating to this matter (detailed *ante*). Peters attested to the actions of the process server as described in the proofs of service, and declared that no mail sent to Shekoni regarding the matter was ever returned to him or to the process server.

Peters also filed objections to large portions of the declarations and exhibits attached to Shekoni's motion to set aside the judgment.[3]

Shekoni filed a reply arguing that (1) the opposition failed to show that service was proper; (2) Shekoni demonstrated his lack of actual notice was not the result of avoidance of service or inexcusable neglect; (3) Peters's purported "facts" regarding actual notice were unsupported conjecture; and (4) section 473.5 and other equitable considerations favored resolving the case on the merits.

Shekoni also responded to Peters's objections.

---

[3] The trial court overruled the majority of Peters's objections, including all objections pertaining to the declarations of Shekoni, Mujidat, and Liu. He does not challenge any part of the trial court's ruling on the objections on appeal.

### *The Trial Court Hearing and Ruling*

Prior to the hearing, the court issued a written tentative ruling, subject to hearing, granting Shekoni's motion to set aside the default judgment.[4] Shekoni's counsel submitted to the court's tentative ruling via email.

At the hearing on November 18, 2019, counsel for Peters argued that the court was only empowered to set aside a default judgment under section 473, subdivision (d) where "there is invalid service that is apparent from the face of the record." Peters's counsel further argued that this standard precludes proving the invalidity of service by extrinsic evidence. In support of this contention, counsel recited language from *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, at pages 960 through 961 (*Calvert*), that "[a] judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment roll. This does not hinge on evidence. A void judgment's invalidity appears on the face of the record." Peters's counsel concluded that Shekoni's motion must be denied under section 473, subdivision (d) because the motion was based on evidence in the form of declarations, rather than solely on the judgment roll; nothing in the judgment roll

---

[4] The tentative ruling is referred to by the court, but is not contained in the record on appeal.

11

suggested service was invalid.[5]  The court disagreed with
counsel's argument that *Calvert* stands for the proposition
that extrinsic evidence can never be considered in
determining whether a judgment is void under section 473,
subdivision (d).  The court adopted its tentative order to
grant Shekoni's motion to set aside the default judgment,
with changes to reflect the arguments made at the hearing.

Following the hearing, the court issued its written
order granting Shekoni's motion to set aside the default
judgment.  The court ruled that to the extent that Shekoni
sought to set aside the judgment under section 473,
subdivision (b), the motion was untimely, as Peters took
Shekoni's default on April 19, 2018, and the motion was not
filed until October 18, 2019.[6]  Shekoni was also ineligible for
relief under section 473.5 because he did not include a
statement made under oath that his "lack of actual notice in
time to defend the action was not caused by his or her

---

[5] As pertinent here, section 670, subdivision (a)
provides:  "In superior courts the following papers . . . shall
constitute the judgment roll:  [¶]  . . . the summons, with the
affidavit or proof of service; the complaint; the request for
entry of default with a memorandum indorsed thereon that
the default of the defendant in not answering was entered,
and a copy of the judgment . . . ."

[6] Application for relief under section 473, subdivision
(b) "shall be made within a reasonable time, in no case
exceeding six months, after the judgment, dismissal, order,
or proceeding was taken."

avoidance of service or inexcusable neglect" as required by section 473.5, subdivision (b).

The court ruled that Shekoni was, however, eligible for relief under section 473, subdivision (d), which allows a court to set aside a void judgment if the defendant did not have actual or constructive knowledge of the proceedings. The court found that it had authority to consider extrinsic evidence in ruling on the motion. The court ruled that Mujidat's declaration that she never received any documents relating to the case constituted sufficient evidence to establish that Shekoni did not have actual or constructive knowledge of the action in time to file an answer.

Peters filed a timely notice of appeal.

## DISCUSSION

On appeal, Peters contends that the trial court erred by considering extrinsic evidence in support of Shekoni's motion to set aside the default judgment pursuant to section 473, subdivision (d), and that, even considered, the evidence did not support vacating a judgment based on substitute service. We conclude that the trial court had authority to consider extrinsic evidence and that, based on such evidence, the court did not abuse its discretion in granting Shekoni's motion to set aside the judgment.

13

### The Trial Court has Authority to Consider Extrinsic Evidence Under Section 473, Subdivision (d)

Section 473, subdivision (d) provides in pertinent part that "[t]he court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." The lynchpin of Peters's argument on appeal is that the only permissible way to obtain relief under section 473, subdivision (d), is to show from the judgment-roll that the judgment is void *on its face*, without reference to any extrinsic evidence. We disagree.

Where a party attacks a judgment as void in the same action in which the judgment was rendered, there is no bar to using extrinsic evidence: "[a] motion to vacate a void judgment is a direct attack. [Citations.] '[O]n direct attack, lack of jurisdiction may be shown by extrinsic evidence, i.e., evidence outside the judgment roll.' [Citation.]" (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249 (*Strathvale Holdings*).) "To establish personal jurisdiction, it is essential to comply with the statutory procedures for service of process. [Citation.] Accordingly, "'a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.'" [Citation.] Whether the lack of jurisdiction appears on the face of the judgment roll, or is shown by extrinsic evidence for a judgment that appears valid on its face, 'in either case the judgment is for all purposes a nullity—past, present and future.' [Citation.]" (*OC Interior Services, LLC*

14

*v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1330–1331.)

Peters's opening brief on appeal relies heavily on *Trackman v. Kenney* (2010) 187 Cal.App.4th 175 (*Trackman*), as purported support for the proposition that extrinsic evidence is never properly considered in determining whether a judgment is void under section 473, subdivision (d).  But *Trackman* supports precisely the opposite proposition:  section 473, subdivision (d), may provide relief both when the judgment is void on its face, and when it is facially valid, but extrinsic evidence establishes that the judgment is void. (*Id.* at pp. 179–181.)  The *Trackman* court explained that when a judgment is facially void, it is subject to both direct and collateral attack, and may be challenged "at any time, provided the party acts with diligence." (*Id.* at p. 181.)  When a judgment is facially valid but void in fact, a party may also obtain relief from default under section 473, subdivision (d), by reference to extrinsic evidence, under certain circumstances that we find present here.. (*Id.* at p. 180.)

In this case, reliance on extrinsic evidence was appropriate because Shekoni made a direct attack on the judgment, within the time limitations set forth in section 473.5, subdivision (a),[7] and within a reasonable time after

---

[7] Section 473.5, subdivision (a) sets forth the time limitation for bringing such action as follows:  "The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of:  (i) two years after

15

service of the notice of entry of judgment.[8] After the court entered default judgment on August 15, 2019, and Shekoni received the Notice of Entry of Judgment on or around August 26, 2019, he filed the motion to set aside in the same action on October 18, 2019. In ruling on this direct attack, filed within the relevant time period, the trial court appropriately considered the extrinsic evidence attached to the motion.[9]

---

entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered."

[8] Neither of the cases Peters principally relies on—*Trackman* and *Calvert*—concern extrinsic evidence, because in each case defendant sought relief after more than two years had elapsed since judgment, and was therefore confined to the argument that service of process was invalid on its face.

[9] In his reply brief, Peters contends for the first time that where service of process is proper on its face, but otherwise invalid, the judgment is voidable, rather than void, and not susceptible to relief under section 473, subdivision (d). Peters cites no authority for this belated argument, and it is contrary to the authorities discussed above. (*See, e.g., Strathvale Holdings, supra,* 126 Cal.App.4th at p. 1249.)

***The Trial Court Did Not Abuse Its Discretion by
Granting the Motion to Set Aside the Judgment***

### **Standard of Review**

"Section 473, subdivision (d) provides, 'The court may, upon motion of the injured party, or its own motion, . . . set aside any void judgment or order.' The inclusion of the word 'may' means that even if the trial court determines the order or judgment was void, it still retains discretion to set the order aside or allow it to stand. [Citations.] The reviewing court generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside. Evaluating an order or judgment as void is a question of law, reviewed de novo. [Citation.] . . . [W]e review the trial court's decision to set aside a dismissal for abuse of discretion." (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.)

Where the trial court's ruling includes consideration of affidavits and evidence beyond the judgment roll, we defer to the factual determinations made by the trial court when the evidence is in conflict. (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440–1441 (*Ramos*).) "When a defendant challenges the court's personal jurisdiction, the plaintiff has the initial burden of 'demonstrating facts justifying the exercise of jurisdiction.'

[Citation.] 'When there is conflicting evidence, the trial court's factual determinations are not disturbed on appeal if supported by substantial evidence.' [Citation.]" (*Strathvale Holdings*, *supra*, 126 Cal.App.4th at p. 1250.)

### Analysis

In this case, Peters purported to have made substituted service of the summons and complaint on Mujidat, as demonstrated by the proof of service of the summons and complaint that were filed with the court.[10] The trial court found that Shekoni had neither actual nor constructive notice of the proceedings, based on the declarations of Shekoni and Mujidat that neither of them had been served with, or had otherwise received, any documents relating to this matter prior to August of 2019, which it credited as true. We defer to the trial court's evaluation of that evidence.

---

[10] Substituted service is permitted under section 415.20, subdivision (b): "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, . . . or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

18

(*Ramos*, *supra*, 223 Cal.App.4th at pp. 1440–1441.) Although Peters presented conflicting evidence in the form of facially sufficient proofs of service, the affidavits of Shekoni and his wife refuting the validity of those documents constituted substantial evidence that Shekoni was not properly served, either personally or by substituted service. We will therefore not disturb the trial court's determination that it lacked personal jurisdiction over Shekoni. (*Strathvale Holdings*, *supra*, 126 Cal.App.4th at p. 1250.) In light of the foregoing, we conclude that the judgment is void. (*Lovato v. Santa Fe Internat. Corp.* (1984) 151 Cal.App.3d 549, 553 ["The default judgment is void under the due process clause of the federal constitution unless [the defendant] had actual or constructive notice of the [proceedings]"].) Accordingly, we hold that the trial court did not abuse its discretion in granting the motion to set aside the judgment.

19

## DISPOSITION

The order setting aside default judgment is affirmed. Defendant and respondent Yusuf Shekoni is awarded his costs on appeal.


MOOR, J.

We concur:



BAKER, Acting P. J.



KIM, J.