Filed 2/18/22  C.H. v. R.H. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| C.H. et al.,<br><br>        Appellants,<br><br>v.<br><br>R.H.,<br><br>        Respondent;<br><br>COUNTY OF SAN BERNARDINO<br>CHILD SUPPORT SERVICES,<br><br>        Respondent. | E075498<br><br>(Super. Ct. No. FAMVS1901048)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Carlos M. Cabrera, Judge.  Affirmed.

Law Offices of Valerie Ross and Valerie Ross, for Appellants.

R.H., in pro. per., for Respondent.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown, Jennevee H. DeGuzman and Darin L. Wessel, Deputy Attorneys General, for Respondent County of San Bernardino.

1

## I.

## INTRODUCTION

Ro.H (Mother) and A.I. (Father) are A.R.'s (Minor) biological parents. Mother left Minor in Ri.H.'s care after her birth. Ri.H. and C.H. have raised Minor together ever since. They obtained a default parentage judgment declaring them Minor's parents, but the trial court later vacated the judgment. Ri.H. and C.H. appeal the trial court's order vacating the judgment. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother gave birth to A.R. in April 2010. Father was incarcerated at the time and has remained incarcerated since her birth.

Shortly after Minor was born, Mother left her with Ri.H. for her care. Ri.H. began dating C.H. a few months later. About a year later, Ri.H. was appointed Minor's guardian. Ri.H. and C.H. have since gotten married and have raised A.R. together for almost all of her life. The San Bernardino County Department of Child Support Services (the Department)[1] also has been involved with Minor's care because she receives public assistance. Among other things, the Department obtained judgments against Mother and Father ordering them to pay child support for Minor.

---

[1] The Department filed a respondent's brief as attorneys for the public interest under Family Code section 17407.

In 2019, Ri.H. and C.H. filed a petition, with Mother as the respondent, to establish their parentage to Minor under the Uniform Parentage Act (Fam. Code, §§ 7600 et seq.). The petition identified Mother as Minor's only known biological parent while noting that the Department was conducting genetic testing on A.I. to determine whether he was Minor's biological father. Ri.H. and C.H. served Mother with the petition, but did not serve Father or the Department.

The trial court granted the petition and entered a judgment declaring Ri.H. and C.H. as Minor's parents. The judgment, which does not mention Father, states that the proceedings were "[d]efault or uncontested." It also orders that Minor's birth certificate be amended by removing Mother's name and adding Ri.H. and C.H.'s as Minor's parents.

The Department moved to set aside the judgment, arguing that it was void for lack of personal jurisdiction over Father and the Department because Ri.H. and C.H. did not serve them with the petition. The Department also argued the judgment should be set aside because Ri.H. and C.H. did not follow the appropriate procedures to adopt Minor. The trial court granted the Department's motion and vacated the judgment. Ri.H. and C.H. timely appealed.

### III.

### DISCUSSION

Ri.H. and C.H. argue the trial court erroneously vacated the judgment. We disagree.

"The Family Code requires that all parents . . . be notified of a parentage action in accordance with the provisions of the Code of Civil Procedure," which "requires notice of an action to be effectuated by delivering a 'copy of the summons and of the complaint to the person to be served.' (Code Civ. Proc., § 415.10.)." (*Alex R. v. Superior Court* (2016) 248 Cal.App.4th 1, 10; Fam. Code, § 7666 [natural father must be served with notice of proceeding in which his parental rights may be terminated].) If a party is not properly served, then the trial court lacks personal jurisdiction over that party. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.)

Ri.H. and C.H. did not serve Father with a copy of their petition as required under Family Code section 7666 and Code of Civil Procedure section 415.10. Without citing any authority, they suggest doing so was unnecessary because Father was not a party "in the parentage action."

But because Father was never served with the petition, the trial court lacked personal jurisdiction over him. (See *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1250.) And because the judgment had the effect of terminating Father's parental rights to Minor, the trial court could not enter it without jurisdiction over him. For that reason alone, we conclude the trial court properly vacated the judgment as void for lack of jurisdiction, so we need not address the parties' remaining arguments. (See *ibid.*; see also *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 ["[A] default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void."].)

## IV.

## DISPOSITION

The trial court's order vacating the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

SLOUGH

J.