Filed 6/28/24  Sadeghi v. Sadeghi CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ANGIZEH SADEGHI, | |
| Plaintiff and Respondent, | G062028 |
| v. | (Super. Ct. No. 30-2021-01228676) |
| SIDNEY SADEGHI, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Martha K. Gooding, Judge.  Affirmed.  Requests for judicial notice denied.  Motion to dismiss denied.

Holt Law Firm and Peter T. Holt for Defendant and Appellant.

Maralan Law and Sam Maralan for Plaintiff and Respondent.

\*          \*          \*

Angizeh Sadeghi (Angizeh) sued her brother Arman Sadeghi (Arman) and his former spouse, Sidney Sadeghi (Sidney), for failing to repay a loan.[1]  At the time the lawsuit was filed, Sidney and Arman were in the middle of a dissolution proceeding in which they both listed the loan as a community debt.  Angizeh obtained a default judgment in the civil case; Sidney later sought to vacate the default on the grounds the court lacked jurisdiction to issue orders affecting a community debt.  We are not persuaded and therefore affirm.

## FACTS

Sidney and Arman married in 2009.  In 2018, Sidney and Arman received a loan from Angizeh.  In 2020, Sidney filed for divorce.  In their pleadings, Sidney and Arman both identified the loan as a community debt.  In 2021, while the dissolution matter was pending in the family law court, Angizeh filed a separate civil complaint against Sidney and Arman which alleged breach of the loan agreement.  In 2022, while the marital dissolution matter was still pending, the court entered a default judgment against Sidney and Arman.  Sidney later filed a motion to vacate the default judgment on the grounds the family law court had priority jurisdiction and, the civil court therefore lacked jurisdiction over the subject matter of the loan.  The court denied the motion.[2]

---

[1]  Because the parties share the same last name, we refer to them by their first names.  No disrespect is intended.

[2]  Sidney requests we exercise our discretion and take judicial notice of certain trial court pleadings filed in the family law case.  Since Sidney has no basis to appeal, we decline to judicially notice these documents.

## DISCUSSION

Sidney appeals from an order denying her request to vacate the default judgment.[3] It is well established that Sidney can appeal from the court's ruling only if the underlying default judgment is void. (Code Civ. Proc., § 473, subd. (d).) A default judgment is void if the issuing court did not have jurisdiction over the parties or the subject matter of the action when the judgment was entered. (*Kingston Constructors, Inc. v. Washington Metropolitan Area Transit Authority* (1997) 14 Cal.4th 939, 951-952; *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1250.) A void judgment is the equivalent of no judgment at all. (*LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862, 870 (*LAOSD Asbestos Cases*).) A party can attack a void judgment at any time after its entry. (*Ibid.*)

When a court with personal and subject matter jurisdiction over a case acts beyond the bounds of its jurisdictional authority, such action is voidable rather than void. A court exceeds its jurisdictional authority when its action "contravene[s] certain defined limitations on the exercise of its powers [citation]; ordinary mistakes of law or procedure do not constitute acts in excess of jurisdiction." (*LAOSD Asbestos Cases, supra*, 28 Cal.App.5th at

---

[3] Sidney's notice of motion and motion to vacate default and to dismiss for lack of subject matter jurisdiction make no mention of a statutory basis for the motion. Sidney only mentions Code of Civil Procedure section 473, subdivision (d), once on the final page of her memorandum of points and authorities. The trial court treated the motion as brought under section 473, subdivision (d), which permits the court to set aside a void judgment upon motion of a party. (Code Civ. Proc., § 473, subd. (d).) Accordingly, we treat this as an appeal from a denial of a statutory motion to vacate a default judgment. We note even if this were an appeal from a nonstatutory motion to vacate a default judgment, we would reach the same conclusion.

p. 870.)  A judgment in excess of a court's jurisdiction remains valid unless it is set aside in the same action.  (*Id.* at p. 871.)

Here, Sidney contends that because the family court was first to assert jurisdiction over the loan, the trial court lacked jurisdiction to issue orders or judgments relating to the loan, and its default judgment was therefore void.  We disagree.

Even if the doctrine of priority jurisdiction applies, the judgment here is voidable rather than void.  Under the doctrine of priority jurisdiction, when two or more courts have subject matter jurisdiction over a dispute, the court which first assumes jurisdiction over the subject matter does so to the exclusion of others.  (*BBBB Bonding Corp. v. Caldwell* (2021) 73 Cal.App.5th 349, 374.)  "The rule is based upon the public policies of avoiding conflicts that might arise between courts if they were free to make contradictory decisions or awards relating to the same controversy and preventing vexatious litigation and multiplicity of suits."  (*Shaw v. Superior Court* (2022) 78 Cal.App.5th 245, 255.)  But this does not mean the second court lacks jurisdiction.  The second court retains jurisdiction over the parties and the subject matter.  It simply must wait to act until the first court resolves its action.  (*Id.* at p. 255-256.)

Therefore, even assuming the priority jurisdiction doctrine applies here, it would limit the power of the trial court to act; it would not divest the court of jurisdiction.  The default judgment would therefore be voidable, not void.  Accordingly, Sidney has no grounds to appeal, and we affirm the court's ruling.[4]

---

[4]    Angizeh filed a motion to dismiss the appeal on disentitlement grounds.  As we affirm, the motion becomes moot.

4

## DISPOSITION

The trial court's order denying appellant's motion to vacate default judgment is affirmed. Respondent shall recover her costs incurred on appeal.

GOETHALS, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.