Filed 1/9/24  Fair v. WV 23 Jumpstart CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| R. THOMAS FAIR,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>WV 23 JUMPSTART, LLC,<br><br>        Defendant and Respondent. | A165418<br><br>(San Mateo County<br>Super. Ct. No. CIV460438)<br><br>**ORDER MODIFYING OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT**[*]:

It is ordered that the opinion filed herein on December 18, 2023, be modified in the following particulars:

1.      The portion of the opinion beginning with the following sentence on the bottom of page 6:  "We can think of no reason that the expiration of a judgment would not similarly be a defense if an independent action were brought on that judgment. . ." through and including the following sentence at the start of the final paragraph on page 7:  "In any case, Fair's argument fails on the merits," is deleted and replaced with the following:

> We can think of no reason that the expiration of a judgment would not similarly be a defense if an independent action were brought on that judgment.  Under former section 683.170, the specific statutory

---

[*] Tucher, P.J., Fujisaki, J., and Rodríguez, J. participated in the decision.

1

provision governing motions to vacate the renewal of a judgment, the motion thus was untimely.  (See *Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 261 [motion to vacate renewal of judgment untimely when brought almost six months after renewal].)

Fair did not file a reply brief responding to WV 23's argument that the motion to vacate was untimely.  But at oral argument, he belatedly contended the time limit of former section 683.170 does not apply because his challenge is to the fundamental jurisdiction of the trial court to rule on an application to renew the expired judgment.  The authority he cited for this proposition, *WV 23 Jumpstart, LLC v. Mynarcik* (2022) 85 Cal.App.5th 596, in the context of a similar provision in the Sister State Money Judgments Act (§ 1710.10 et seq.; see § 1710.40, subd. (a)), explains briefly that "a judgment debtor may challenge a judgment based on a lack of 'fundamental jurisdiction' at any time, regardless of the 30-day rule set forth in the Act." (*Mynarcik*, at p. 606, fn. 3.)  The question in *Mynarcik* was whether the California court had personal jurisdiction over the judgment debtor, a matter that clearly implicates the court's fundamental jurisdiction.  (*Id.* at pp. 602, 606.)  In a petition for rehearing, Fair cites additional authorities he contends support his position.  (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339; *Airlines Reporting Corp. v. Renda* (2009) 177 Cal.App.4th 14, 16-17; *Goldman v. Simpson*, *supra*, 160 Cal.App.4th at p. 264.)

Whatever the correct resolution of this threshold issue, Fair's appeal fails on the merits.

2.     The second sentence of the final paragraph on page 10 of the opinion currently reads, "Counsel contended that the clerk's notation, and not some separately filed document, was the entry of judgment."  That sentence is modified to read:

Counsel contended that this action, and not the filing of some separate document, was the entry of judgment.

These modifications do not effect a change in the judgment.

Dated:_ <u>January 9, 2024</u>___          _____<u>TUCHER, P.J.</u>____
                                                      Presiding Justice

*Fair v. WV 23 Jumpstart, LLC* (A165418)

2

Filed 12/18/23  Fair v. WV 23 Jumpstart CA1/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| R. THOMAS FAIR,<br><br>       Plaintiff and Appellant,<br><br>v.<br><br>WV 23 JUMPSTART, LLC,<br><br>       Defendant and Respondent. | A165418<br><br>(San Mateo County<br>Super. Ct. No. CIV460438) |

After a civil judgment is entered, it is enforceable for only 10 years unless, within that period, the judgment creditor renews the judgment. (Code Civ. Proc., §§ 683.020, 683.130, subd. (a).)[1]  The question underlying these proceedings is whether a judgment was entered a few days before or a few days after that cutoff date.

Old Port Lobster Company, Inc. obtained a judgment against appellant R. Thomas Fair in August 2011; that is not in dispute.  The parties disagree, however, about whether the operative judgment is an order granting a motion for entry of judgment entered on August 12, 2011, or a document entitled "Judgment" entered two weeks later, on August 26, 2011.  That

_____

[1] All undesignated statutory references are to the Code of Civil Procedure.

1

matters because the judgment creditor's assignee did not renew the judgment until August 18, 2021:  if the judgment was entered on August 12 rather than August 26, 2011, then the assignee missed the 10-year cutoff and could no longer enforce the judgment. The trial court concluded the August 26, 2011 document was the judgment and the renewal was timely.

In later proceedings, Fair contended that some of his assets were exempt from levy, sought reconsideration of the trial court's order denying his claim of exemption, and sought to have the renewed judgment vacated.  The trial court ruled against him on each of these matters.  Fair appeals, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

An action was brought in 2007 against three defendants, Old Port Lobster Company, Inc., Russell Deutsch and Lynn Deutsch (collectively, Old Port).  Old Port in turn filed a cross-complaint against Fair and another person.  The parties in 2008 agreed to dismiss all causes of action except Old Port's cross-complaint against Fair.

In 2009, the parties settled Old Port's claim against Fair for $300,000, payable by Fair in installments.  It appears that Fair did not satisfy the payment schedule.  In June 2011, Old Port moved for an order entering the settlement agreement as a judgment and enforcing the agreement.

This dispute hinges on the events that happened when the trial court ruled on the motion.  The hearing on the motion was held on July 11, 2011. The minute order states that the motion was granted and Old Port was directed to prepare a written order consistent with the court's ruling.  On August 11, the trial court signed an "Order Granting [Old Port's] Motion for Order Enforcing Settlement Agreement and Entry of Judgment."[2]  The order

---

[2]  Block capitalization of court document titles omitted throughout.

2

recited that "IT IS HEREBY ORDERED" that "[Old Port]'s Motion is granted," and that the terms of the settlement agreement "shall be entered as judgment against R. Thomas Fair as follows:  [¶] . . . [J]udgment shall be entered against R. Thomas Fair in the amount of $300,000 less the $47,000 he did pay in March of 2009, or $253,000, together with interest at the legal rate of $10% per annum on $253,000 from April 1, 2009, to the date of the hearing on the Motion of July 11, 2011, for a total monetary judgment of $310,670.14, payable to [Old Port] immediately."  The order was filed on August 12, 2011.  The "Disposition Events" portion of the clerk's docket indicates that judgment was entered on that date.

A minute order dated August 23, 2011, indicates there was a hearing on an order to show cause "RE:  DISMISSAL Of The Cross Complaint in its entirety," and that Old Port's counsel said he would enter judgment.  On August 25, 2011, the trial court signed a document entitled "Judgment," which ordered Fair to pay Old Port $310,670.14, and the document was filed on August 26, 2011.  The clerk's docket reflects entry of judgment on that date, as well.  The following month, Old Port's counsel served Fair with, and then filed, a Notice of Entry of Judgment, attaching the judgment that had been "entered by the Court on August 26, 2011."

Old Port Lobster Company was apparently dissolved in 2017, and in August 2021 its successors-in-interest, Russell and Lynn Deutsch, assigned their interest in the judgment to WV 23 Jumpstart, LLC (WV 23).  According to the assignment, Fair had not satisfied the judgment.

WV 23 filed an "Application for and Renewal of Judgment" on August 18, 2021, seeking the amount of the judgment and interest, for a total of $620,807.30.  The renewed judgment was entered on the same date.  The renewal of the judgment was served on Fair by mail on August 18, 2021.  The

3

court later issued writs of execution for accounts in Santa Clara County and Marin County.

Fair filed claims of exemption from the levies, contending that the judgment was purportedly renewed more than 10 years after the original judgment and, as to one of the accounts, that the funds on deposit included Social Security benefits that were exempt from levy. A hearing on the claims took place on January 14, 2022. Fair argued that the order entered on August 12, 2011 was the operative judgment. The trial court rejected this argument, concluding the actual judgment was that dated August 26, 2011 and that the judgment was timely renewed within 10 years of that date. It also concluded Fair had not met his burden to show that one of his accounts included exempt Social Security benefits. It accordingly denied his claim of exemption.

WV 23 moved ex parte for an order to liquidate the securities in Fair's account with Charles Schwab. On February 25, 2022, the trial court granted the motion.

On March 15, 2022, Fair filed a motion seeking to vacate the renewed judgment, to quash the writs of execution, and to reconsider the orders determining the claims of exemptions and the order to liquidate securities. The trial court held a hearing on May 13, 2022, at which it denied the motion, ruling that Fair had not established that the renewed judgment was untimely. As to the request for reconsideration, the court denied it, concluding that Fair failed to present new or different facts, circumstances, or law.

Fair filed a notice of appeal on June 10, 2022, indicating the appeal was from February 1 and February 25, 2022 orders determining the claims of exemption concerning his accounts at Charles Schwab and Heritage

4

Commerce Bank, the February 25, 2022 order granting WV 23's motion to liquidate securities, and the May 24, 2022 order on his motion to vacate the renewed judgment and for reconsideration of the earlier orders.

## DISCUSSION

### I. Denial of Motion to Vacate Renewed Judgment

In general, a money judgment is enforceable for only 10 years after the date of entry. (§ 683.020.) An application for renewal of the judgment may be filed before this 10-year period expires. (§ 683.130, subd. (a).) A party may seek to have the renewal of the judgment vacated "*on any ground that would be a defense to an action on the judgment.*" (§ 683.170, subd. (a), italics added.) Under the law in effect when the judgment was renewed, the motion had to be brought within 30 days after service of the notice of renewal, a notice that must be on a form prescribed by the Judicial Council and inform the judgment debtor that any motion to vacate or modify the renewal must be made within that period. (Former § 683.170, subd. (b); see former § 683.160.)

A party seeking to vacate a renewed judgment has the burden of proof by a preponderance of the evidence. (*American Contractors Indemnity Co. v. Hernandez* (2022) 73 Cal.App.5th 845, 848.) We review the trial court's decision for abuse of discretion, viewing the evidence in the light most favorable to the decision and deferring to its resolution of factual conflicts; however, we review questions of law de novo. (*Ibid.*)

Fair contends the trial erred in denying his motion to vacate the renewed judgment because the August 18, 2021 renewal was untimely. That is, he argues, the August 12, 2011 order constituted the operative judgment because it was a final determination of the rights of the parties, and the trial court had no jurisdiction to enter another judgment on August 26, 2011. As a result, he urges, the judgment was renewed too late.

5

WV 23 argues the motion to vacate the renewed judgment was itself untimely because it was brought outside the 30-day time period for such a motion. Although WV 23 did not make this argument in the trial court, we have discretion to consider it, and on this clear record we will do so. (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742; *Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1709.)

Notice of the renewal was served on August 18, 2021; it was on the Judicial Council form and it informed Fair he must move to vacate or modify the renewal within 30 days if he objected to the renewal, thus complying with the statutory requirements for the notice. (See § 683.160, subd. (a).) Fair did not move to vacate the renewed judgment until March 15, 2022, far past the statutory deadline to bring the motion. (Former § 683.170, subd. (b).) At oral argument, Fair contended that his motion to vacate the judgment did not fall within the ambit of former section 683.170 because it was not an attack on the validity of the judgment as originally entered. But nothing in the terms of the statute indicates it is so limited. Indeed, section 683.170, subdivision (a) specifies that a judgment "may be vacated on any ground that would be a defense to an action on the judgment." Thus, events after entry of judgment may support vacation of a renewal of judgment. (See, e.g., *In re Marriage of Thompson* (1996) 41 Cal.App.4th 1049, 1058 [accord and satisfaction of judgment is defense to action on judgment for purposes of § 683.170, subd. (a)]; see also *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 201 [in seeking to vacate renewal of judgment, judgment debtor may "assert any defense that could have been asserted in an independent action" on the judgment].) We can think of no reason that the expiration of a judgment would not similarly be a defense if an independent action were brought on that judgment. The specific statutory provision

6

governing motions to vacate the renewal of a judgment thus establishes that the motion was untimely. (See *Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 261 [motion to vacate renewal of judgment untimely when brought almost six months after renewal].)

But, Fair also contended at oral argument, the time limit of former section 683.170 does not apply because his challenge is to the fundamental jurisdiction of the court. The authority he cited for this proposition, *WV 23 Jumpstart, LLC v. Mynarcik* (2022) 85 Cal.App.5th 596, in the context of a similar provision in the Sister State Money Judgments Act (§ 1710.10 et seq.; see § 1710.40, subd. (a)), explains briefly that "a judgment debtor may challenge a judgment based on a lack of 'fundamental jurisdiction' at any time, regardless of the 30-day rule set forth in the Act." (*Mynarcik*, at p. 606, fn. 3.) The question in *Mynarcik* was whether the California court had personal jurisdiction over the judgment debtor, a matter that clearly implicates the court's fundamental jurisdiction. (*Id.* at pp. 602, 606.) But Fair has drawn our attention to no authority indicating that this principle applies equally to renewal of a judgment after the 10-year period has passed.

In any case, Fair's argument fails on the merits. The motion to enforce the settlement agreement as a judgment was made under section 664.6, which authorizes a court, upon motion, to "enter judgment pursuant to the terms of the settlement." (§ 664.6, subd. (a).) This provision contemplates entry of a formal judgment pursuant to the terms of the settlement agreement. (See *Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182–1183; see also *Corkland v. Boscoe* (1984) 156 Cal.App.3d 989, 995.) A case upon which Fair relies, *Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1193, distinguishes " 'rendition' or giving of judgment" from "the 'entry' of a judgment which is merely a ministerial act," explaining that

under section 664.6, "the granting of the motion constituted the rendition of a judgment"; that is, "the judgment is 'rendered' as soon as the decision is entered in the minutes of the court," but that act was separate from "entry of a formal judgment reflecting the court's rendition of judgment in conformity with the stipulated settlement."

Fair argues, however, that the order entered on August 12, 2011 *was* a judgment because it was a "final determination of the rights of the parties in an action or proceeding" (§ 577), and that the trial court accordingly lacked jurisdiction to enter judgment later, on August 26. (See *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1237 [trial court cannot correct judicial error after judgment except in accordance with statutory proceedings].) For this argument, he relies on *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606, which explains that " '[s]ome determinations, though characterized as "orders," are in effect final judgments for purposes of appeal and res judicata.' . . . The fundamental distinction remains . . . that a judgment, no matter how designated, is the final determination of the rights of the parties in an action. Thus, an 'order' which is the final determination in the action is the judgment." The specific question before the appellate court in *Passavanti* was whether a motion for reconsideration of an " 'Order Granting Motion for Summary Judgment And Judgment' " extended the time to appeal; in answering that question in the negative, the court characterized the order as actually a judgment, explaining that the document was an "order and judgment" and that the document noted on its face that "the judgment was entered on the date filed" in the judgment book. (*Id.* at pp. 1604–1605.)

*Passavanti* is readily distinguishable. The August 12, 2011, order granting Old Port's motion neither is denominated a judgment nor indicates that the court had entered judgment. Rather, by its terms the order

8

contemplated a future event—that judgment "shall be entered" against Fair, not that it *is* or *was* entered. And it appears that the court itself was not of the view that judgment had been entered: a week later, at a hearing before a different judge regarding dismissal of the cross-complaint, counsel for Old Port stated he would arrange for entry of judgment, and he did so three days later.

Fair also relies on *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, but that case does not assist him. The pertinent question there was whether a ruling that disposed of all causes of action framed by the pleadings was an appealable judgment. Our high court ruled, "[w]hen, as here, a trial court's order from which an appeal has been taken disposes of the entire action, the order 'may be amended so as to convert it into a judgment encompassing actual determinations of all remaining issues by the trial court, . . . and the notice of appeal may then be treated as a premature but valid appeal from the judgment.' " (*Id.* at p. 700.)

In the context of a motion under section 664.6, the court in *Critzer v. Enos* (2010) 187 Cal.App.4th 1242, employed a similar procedure. The trial court there, faced with competing settlement agreements submitted by the parties, made an order that one of the proposed agreements " '[would be ordered] binding on the parties as an Order of this Court.' " (*Id.* at pp. 1247–1248.) The appellant appealed, and the respondent argued the order was not appealable and asked the appellate court to dismiss the appeal. (*Id.* at p. 1250.) The Court of Appeal declined this request. It concluded the order finally determined the rights of the parties, leaving nothing left to do but enforce the order. (*Id.* at pp. 1251–1252.) However, the court explained, "it would have been preferable for the court to have disposed of the [respondent's] motion by entering judgment as specified in section 664.6."

9

(*Id*. at p. 1252.) The court therefore amended the order to include an appealable judgment in order to expedite appellate review. (*Ibid*., citing *Hines v. Lukes*, *supra*, 167 Cal.App.4th at p. 1183.)

Thus, in each of these cases, even where an order disposed of all issues between the parties, the court still recognized the role of a formal judgment. We are satisfied that, although the August 12, 2011 order granting Old Port's motion determined the parties' rights, the trial court did not err in concluding the judgment for purposes of section 664.6 was the formal judgment entered on August 26, 2011. The renewal of judgment on August 18, 2021 was therefore timely.

In reaching this conclusion, we recognize that the trial court's docket contains entries stating that judgment was entered on August 12, 2011 *and* on August 26, 2011. But these notes by a clerk do not change the meaning of the documents the court actually signed. (See *Wilson v. Los Angeles County Employees Assn.* (1954) 127 Cal.App.2d 285, 289–290 [clerical error in date of entry of judgment should not operate to prejudice party].) The order the judge signed on August 12 directed that certain terms "shall be entered as judgment." This order was complied with two weeks later, when judgment formally entered.

At oral argument, Fair asserted that the court's August 12 order was a direction to the clerk to enter judgment, which the clerk complied with by immediately noting in the electronic docket that judgment was entered. Counsel contended that the clerk's notation, and not some separately filed document, was the entry of judgment. In support of this argument, he cited section 668.5, which directs the clerk, in a court that does not keep a judgment book, to enter judgment in the register of actions or data processing system. But a close reading of section 668.5 refutes counsel's argument. The

10

statute describes the clerk as "plac[ing] . . . the judgment in the file of actions," and it specifies that *the date of filing the judgment with the clerk shall constitute the date of its entry.*" (§ 668.5, italics added.) This language makes clear that "the judgment" is not a clerk's notation but a document that must be filed with the clerk. (See *Olson v. La Jolla Neurological Associates* (2022) 85 Cal.App.5th 723, 732 ["the clerk's notation alone was not a valid judgment in the absence of a corresponding file-stamped document"]; *Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 544 [§ 668.5 requires "that the judgment be signed by the judge and file stamped by the clerk"].) We have already concluded the August 12 order was not the judgment, so the clerk's entry on that date did not constitute entry of judgment. Rather, judgment was entered when the clerk filed the signed judgment on August 26, 2011.

Fair objects that the quantity of prejudgment interest included in the August 12 order was calculated to be current through July 11, 2011, reflecting the court's intent that judgment be entered "concurrently with the court's ruling" rather than at a hypothetical future date. But this is an argument for counting July 11 as the date on which judgment was entered, and neither party contends that it is the date of the oral pronouncement of judgment that governs.

In a further attempt to establish that the August 12 order was an enforceable judgment, Fair points out that it describes the $310,670.14 judgment as "payable to [Old Port] immediately." But Fair takes this language out of context. The quoted language appears in the order as part of the terms of the judgment that the order instructs "shall be entered" against Fair. In sum, judgment was rendered on July 11; ordered on August 12; and then signed on August 25 and formally entered on August 26.

11

WV 23 also argues Fair's challenge to the validity of the renewed judgment is moot because the trial court ruled against Fair on this issue on January 14, 2022, when considering his claim of exemption, and, WV 23 asserts, Fair did not appeal from the January 14 order. Because we rule against Fair on other grounds, we need not reach this question.

## II. Denial of Motion for Reconsideration

Fair contends the trial court abused its discretion in denying his motion for reconsideration of the orders determining his claims for exemptions and liquidating securities, a denial made on the ground that Fair failed to present new or different facts, circumstances, or law.

The motion for reconsideration was brought under section 1008, subdivision (a), which provides that any party affected by an order may apply for reconsideration based on new or different facts, circumstances, or law within 10 days after service of notice of entry of the order. The trial court explained in its tentative ruling that the motion was untimely under this provision, but that to the extent it was brought under subdivision (b) of the same statute—which authorizes a party who originally applied for an order to make a subsequent application on new or different facts, circumstances, or law—the motion was timely. Nevertheless, the court concluded, Fair's motion failed because he did not explain why the additional documents on which he relied to show that some of the funds in his bank account were exempt from levy could not have been presented at the time of the original hearing. At the hearing on the motion for reconsideration, the trial court adopted the tentative ruling, and the order it signed relied only on the lack of new facts, circumstances, or law in denying reconsideration.

On appeal, Fair argues that the motion for reconsideration was not untimely under subdivision (a) of section 1008. Whatever the outcome of that

12

inquiry, we need not resolve it on appeal because the trial court treated the motion as timely, albeit under a different subdivision, and it denied the motion on a ground equally applicable to both provisions.

Fair agues, however, that the trial court abused its discretion in determining he did not provide a satisfactory explanation for his failure to provide the new evidence earlier. Inexplicably, WV 23 ignores this argument completely in its respondent's brief. Nevertheless, a judgment is presumed correct, and Fair has the burden to show prejudicial error or abuse of discretion. (*Scheenstra v. California Dairies, Inc.* (2013) 213 Cal.App.4th 370, 403; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) He has not done so.

The motion for reconsideration was directed to the trial court's orders denying Fair's claims for exemption from levy and directing liquidation of his Charles Schwab account. He submitted additional evidence to support both his claim that the renewed judgment should be vacated and that he was entitled to an exemption of $9,444.53, an amount he alleged reflected exempt Social Security benefits in his bank account. (See § 704.080; 42 U.S.C. § 407.) The additional evidence included redacted copies of Fair's Heritage Bank of Commerce account statements and an analysis that Fair had prepared, which traced the Social Security benefits deposited into that bank account and the ending account balance for each month in an effort to show that the accumulated balance of Social Security benefits remained in the account.

A party seeking reconsideration of an order based on new evidence must provide "a ' " 'satisfactory explanation for the failure to produce that evidence at an earlier time.' " ' " (*Shiffer v. CBS Corp.* (2015) 240 Cal.App.4th 246, 255.) We review denial of a motion for reconsideration based on new evidence for abuse of discretion. (*Ibid.*; *New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.)

13

We see no abuse of discretion here.  The trial court's conclusion that Fair had not satisfactorily explained his failure to provide the new evidence earlier was limited to his failure to present documentation about his claim that some of the funds in his bank account were exempt from levy.  On this record, the trial court could reasonably conclude Fair failed to show he could not have presented his account statements and his analysis of the source of his income at the January 14, 2022 hearing.  His declaration stated merely that before the January 14 hearing he had submitted what he believed were the relevant portions of his account statements, and that he was providing additional statements and a tracing analysis so the court could reconsider his claim for exemption of funds attributable to his Social Security benefits.  He made no claim that this information was not reasonably available to him before the January 14, 2022 hearing, and he provided no other explanation for not producing it earlier.  The trial court did not abuse its discretion in concluding Fair did not make the showing necessary to warrant reconsideration.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.


TUCHER, P.J.


WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.


*Fair v. WV 23 Jumpstart, LLC* (A165418)


14